**NOT FOR PUBLICATION**

SUSAN M. SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

## UNITED STATES BANKRUPTCY APPELLATE PANEL

## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re: ) | BAP No.   CC-14-1427-TaKuPe |
| ) | |
| MIRIAM M. LOPEZ, ) | Bk. No.   2:14-bk-12175-BB |
| ) | |
| Debtor. ) | |
| _____) | |
| ) | |
| MIRIAM M. LOPEZ, ) | |
| ) | |
| Appellant, ) | |
| ) | |
| v. ) | **MEMORANDUM**[*] |
| ) | |
| DAVID A. GILL, Chapter 7 ) | |
| Trustee, ) | |
| ) | |
| Appellee. ) | |
| _____) | |

Argued and Submitted on July 23, 2015
at Pasadena, California

Filed – September 3, 2015

Appeal from the United States Bankruptcy Court
for the Central District of California

Honorable Sheri Bluebond, Chief Bankruptcy Judge, Presiding

Appearances:   Wendolyn E. Arnold argued for appellant; Matthew
F. Kennedy argued for appellee.

Before:   TAYLOR, KURTZ, and PERRIS,[**] Bankruptcy Judges.

---

[*]   This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have (see Fed. R. App. P. 32.1), it has no precedential value. See 9th Cir. BAP Rule 8024-1(c)(2).

[**]   The Honorable Elizabeth L. Perris, United States Bankruptcy Judge for the District of Oregon, sitting by designation.

**INTRODUCTION**

The bankruptcy court denied Miriam A. Lopez's motion to convert her chapter 7[1] bankruptcy case to one under chapter 13. We AFFIRM the bankruptcy court's denial; but, we REVERSE its decision to deny the motion with prejudice, and we REMAND the matter with instructions that the bankruptcy court strike the "with prejudice" language from its order.

**FACTS[2]**

The Debtor began her chapter 7 case with schedules that contained incomplete information. In amended bankruptcy schedules, the Debtor made numerous corrections. These included the scheduling of a $4,000 tax refund ("Tax Refund") that she received post-petition and additional vehicles.

The Debtor also amended her claimed exemptions, but she did not claim any exemption in the Tax Refund. Nonetheless, she turned this money over to her bankruptcy attorney, Montaz M. Gerges ("Gerges"). The Trustee correctly, but unsuccessfully, sought recovery from Gerges; Gerges continued to hold the tax refund as of the oral argument in this appeal.

From this already rocky start, the Debtor's chapter 7 case moved forward neither swiftly nor successfully. Eventually, after months of what the Trustee characterized as

---

[1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532.

[2] We exercise our discretion to take judicial notice of documents electronically filed in the underlying bankruptcy case. See Atwood v. Chase Manhattan Mortg. Co. (In re Atwood), 293 B.R. 227, 233 n.9 (9th Cir. BAP 2003).

2

"stonewalling," the Debtor filed a motion seeking to convert her chapter 7 case to one under chapter 13 ("Conversion Motion").[3] She, however, failed to support her motion with either evidence or case specific legal argument.

The Trustee opposed. He alleged bad faith conduct but also asserted that conversion would be futile because the Debtor had no excess income available to fund a plan.

In response, Gerges, on behalf of the Debtor, leveled a personal attack on the Trustee; he contended that the Trustee was untrustworthy and only sought assets, including the Tax Refund, for personal gain. The Debtor also submitted a declaration stating that: "[s]oon after [the initial § 341(a) meeting], the trustee began bullying and intimidating [her] for not disclosing the [Tax Refund]." The Debtor attested that the Trustee informed her that he would object to case dismissal, that he threatened to sue her "for everything [she] had," and that she could "then go sue [Gerges]."

Prior to the hearing, the bankruptcy court issued a tentative ruling,[4] noting that it was not required to convert if doing so would be futile. It posed two questions to the Debtor

---

[3] During this time, the Trustee filed objections to some of the Debtor's claimed exemptions and moved for turnover of estate assets and a second extension of the deadline to object to the Debtor's discharge. The bankruptcy court sustained the Trustee's objections and granted his requested relief, from which order the Debtor also appeals. We dispose of that appeal in a separate memorandum decision.

[4] The August 27, 2014 tentative ruling is not in the record. It was instead obtained from the bankruptcy court's website: http://www.cacb.uscourts.gov/.

3

related to issues of chapter 13 eligibility and plan feasibility; namely, whether the Debtor had any disposable income and how value would be delivered to creditors in chapter 13. The tentative ruling stated that, to the extent the Debtor did not have regular income and solely proposed to liquidate assets, case conversion was inappropriate.

Both the Trustee and an attorney for the Debtor (but not Gerges) appeared at the hearing. The record indicates that the bankruptcy court was receptive to case conversion, provided, however, that the Debtor and Gerges complied with their duties and responsibilities under the Code, cooperated with the Trustee, and provided evidence that the Debtor was eligible for chapter 13 and capable of proposing a feasible plan. Thus, after hearing argument, it did not deny the Conversion Motion.

Instead, the bankruptcy court continued the matter, contingent on three requirements: (1) Gerges' immediate turnover of the Tax Refund to the Trustee; (2) the Debtor providing the Trustee with access to the three scheduled vehicles; and (3) the Debtor's submission of a supplemental declaration explaining her workers' compensation benefits. The bankruptcy court made clear that the three conditions were disjunctive; thus, if the Debtor and Gerges failed to comply with any one of the conditions, the bankruptcy court would deny the Conversion Motion. The Debtor's attorney expressly agreed to provide the declaration and tacitly agreed to all conditions as he raised no argument against the conditioned continuance.

Compliance with the conditions, however, did not happen. Gerges did not timely turnover the Tax Refund. Instead, he

filed a premature notice of appeal. As a result, Trustee's counsel filed a declaration and notified the bankruptcy court of the failure to comply with the Tax Refund condition. The bankruptcy court immediately entered an order denying the Conversion Motion "with prejudice." The Debtor then filed a supplemental notice of appeal.

## JURISDICTION

The bankruptcy court had jurisdiction pursuant to 28 U.S.C. §§ 1334 and 157(b)(2)(A) and (O). We have jurisdiction under 28 U.S.C. § 158.

## ISSUE

Whether the bankruptcy court erred in denying the Conversion Motion.

## STANDARD OF REVIEW

We review the bankruptcy court's denial to convert from chapter 7 to chapter 13 for an abuse of discretion. A bankruptcy court abuses its discretion if it applies the wrong legal standard, misapplies the correct legal standard, or if its factual findings are illogical, implausible, or without support in inferences that may be drawn from the facts in the record. See TrafficSchool.com, Inc. v. Edriver Inc., 653 F.3d 820, 832 (9th Cir. 2011)(citing United States v. Hinkson, 585 F.3d 1247, 1262 (9th Cir. 2009)(en banc)).

We may affirm on any basis supported by the record. Heers v. Parsons (In re Heers), 529 B.R. 734, 740 (9th Cir. BAP 2015).

## DISCUSSION

Section 706(a) provides that a chapter 7 debtor may convert her case to one under chapter 13. The right to convert is

5

ultimately conditioned on the debtor's ability to qualify as a chapter 13 debtor. Marrama v. Citizens Bank of Mass., 549 U.S. 365, 372-73 (2007). One basis for disqualification is § 1307(c), which provides for case dismissal or conversion to chapter 7 "for cause." Id. Another basis for disqualification is § 109(e), which establishes eligibility requirements "that a [c]hapter 7 debtor must satisfy *before* conversion to [c]hapter 13." Id. at 380 (emphasis in original). As a threshold eligibility matter, "[o]nly an individual with regular income" qualifies for chapter 13. 11 U.S.C. § 109(e); see also id. § 101(30) (defining an "individual with regular income" as one "whose income is sufficiently stable and regular to enable such individual to make payments under a plan under chapter 13 . . . .").

The Debtor argues that she did not act in bad faith such that she was ineligible for chapter 13. She contends that, based on Marrama, the Trustee bore the burden of showing bad faith conduct, which he failed to do. The Debtor also renews her accusations of wrongdoing by the Trustee, noting that neither the United States Trustee nor any other creditors objected to her conversion request.

As the Trustee agreed at oral argument, however, the bankruptcy court did not base its denial of the Conversion Motion squarely on bad faith conduct. Instead, it continued the matter contingent on the Debtor's – and by extension, Gerges' – compliance with the three disjunctive conditions. When Gerges failed to comply with the first condition, the bankruptcy court determined, in effect, that the Debtor would not propose a

6

feasible plan. On this record, this determination was not erroneous.

The record shows that, at the hearing, Debtor's counsel did not argue against the bankruptcy court's imposed conditions. Thereafter the Debtor and Gerges were on notice of the consequences for noncompliance. Rather than comply with the first condition, Gerges filed a premature notice of appeal. In doing so, he signaled that compliance with the two other conditions would not occur. To date, there has been no compliance with any of the bankruptcy court's three directives; this triple failure was fatal to the Debtor's conversion request.

The bankruptcy court could not convert the case where the Debtor was not eligible for chapter 13 or where conversion would be futile based on a lack of plan feasibility. The record clearly reflects the bankruptcy court's eligibility and feasibility concerns. Rather than deny the Conversion Motion outright, it properly requested minimal compliance with chapter 7 debtor duties and additional information and evidence essential to a determination that the Debtor qualified for chapter 13 and was capable of proposing a feasible and confirmable chapter 13 plan. The bankruptcy court implicitly determined that in the absence of such compliance, information, and evidence, the record before it did not justify conversion. The record adequately supports its determination.

That said, the bankruptcy court's denial of the Conversion Motion "with prejudice" is problematic. Prior to entry of the order, nothing in the record suggested that denial with

7

prejudice was even a remote consequence of noncompliance.  In opposing the Conversion Motion, the Trustee did not request a denial with prejudice.  Nor did he request it at the hearing.  In fact, there is no reference to "prejudice" at the hearing.  The first time that the request arises is in the declaration of Trustee's counsel, advising the bankruptcy court of Gerges' failure to turnover the Tax Refund.  The bankruptcy court entered the order denying the Conversion Motion with prejudice promptly after receiving the Trustee's declaration and without affording Debtor any opportunity to be heard on the "with prejudice" request.

"Due process requires notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."  United Student Aid Funds, Inc. v. Espinosa, 559 U.S. 260, 272 (2010) (internal quotation marks and citation omitted).  Here, while the Debtor clearly had notice of the Trustee's opposition to the Conversion Motion, neither she nor Gerges were informed of the possibility that an adverse adjudication could be a permanent bar to conversion; in this respect, the opportunity for objection was improperly denied.  Given the permanency of the decision and that the relief at issue involved an absolute right under the Bankruptcy Code, the inclusion of "with prejudice" in the denial order constituted error.

## CONCLUSION

Based on the foregoing, we AFFIRM the bankruptcy court's decision to deny the Conversion Motion.  But, we REVERSE its

8

decision to do so with prejudice and REMAND the matter to the bankruptcy court, with instructions that it strike the "with prejudice" language from the order.