SUSAN M. SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

**NOT FOR PUBLICATION**

## UNITED STATES BANKRUPTCY APPELLATE PANEL
## OF THE NINTH CIRCUIT

In re:                           )     BAP No.    NC-17-1127-TaBS
                                 )
KIRTIKUMAR MENON,                )     Bk. No.    17-40855
                                 )
                Debtor.          )
_____)
                                 )
KIRTIKUMAR MENON,                )
                                 )
                Appellant,       )
                                 )
v.                               )     **MEMORANDUM**[*]
                                 )
ELBERT BRANSCOMB,                )
                                 )
                Appellee.        )
_____)

Argued and Submitted on January 25, 2018
at San Francisco, California

Filed – February 13, 2018

Appeal from the United States Bankruptcy Court
for the Northern District of California

Honorable William J. Lafferty III, Bankruptcy Judge, Presiding

Appearances:     Kirtikumar Menon argued pro se.

Before:   TAYLOR, BRAND, and SPRAKER, Bankruptcy Judges.

---

[*]   This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have (see Fed. R. App. P. 32.1), it has no precedential value. See 9th Cir. BAP Rule 8024-1(c)(2).

**INTRODUCTION**

Kirtikumar Menon filed a chapter 11[1] petition. He argued persuasively at oral argument on appeal that he filed all of the related initial filing documents over the counter; indeed, he asserted believably that he filed some of them twice. But the bankruptcy court's docket does not reflect that he filed a Schedule C or a statement of financial affairs. And as a result of the state of the docket, the bankruptcy court dismissed his case. As an appellate court, we cannot conduct independent fact finding; we are as bound by the state of the docket as was the bankruptcy court. As a result, while we sympathize with Debtor's alleged plight, an appeal is not the proper method for relief. Accordingly, we AFFIRM the bankruptcy court.

**FACTS[2]**

Debtor filed his chapter 11 petition in March 2017; the bankruptcy court's docket evidences that he filed most of his case initiation documents on the petition date. But two critical documents were entirely missing, Official Form 106C (schedule C) and Official Form 107 (the statement of financial

---

[1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532. All "Rule" references are to the Federal Rules of Bankruptcy Procedure. All Civil Rule references are to the Federal Rules of Civil Procedure. And all "LBR" or "local rules" references are to the local rules for the United States Bankruptcy Court for the Northern District of California.

[2] We exercise our discretion to take judicial notice of documents electronically filed in the underlying bankruptcy case. See Atwood v. Chase Manhattan Mortg. Co. (In re Atwood), 293 B.R. 227, 233 n.9 (9th Cir. BAP 2003).

2

affairs)("SOFA"). Five days post-petition, the bankruptcy court entered a document providing notice of status conference and notice of deficiency and ordering the filing of further, required documents (the "Deficiency Order"). It informed Debtor that he had not filed Schedule C and the SOFA. It also noted that he had not filed an application for retention of counsel. The Deficiency Order further notified Debtor that he must file these documents or a motion to extend time to file these documents within 14 days and that failure to take timely action was a basis for case dismissal without further notice.

Debtor argues that he subsequently re-filed schedule C and his SOFA over the counter; he asserts that an unknown error by court employees caused a failure to properly docket the documents.

On April 19, 2017, 16 days after entry of the Deficiency Order and 21 days after the petition date, the bankruptcy court entered an order dismissing the case (the "Dismissal Order") based on Debtor's failure to comply with the Deficiency Order.

Debtor timely appealed.

## JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(A). We have jurisdiction under 28 U.S.C. § 158.

## ISSUES

Whether the bankruptcy court erred or abused its discretion when it dismissed Debtor's chapter 11 petition.

## STANDARDS OF REVIEW

"We review de novo whether the cause for dismissal of a

3

Chapter 11 case under 11 U.S.C. § 1112(b) is within the contemplation of that section of the Code." Marsch v. Marsch (In re Marsch), 36 F.3d 825, 828 (9th Cir. 1994). We otherwise review the bankruptcy court's decision to dismiss a case under an abuse of discretion standard. Sullivan v. Harnisch (In re Sullivan), 522 B.R. 604, 611 (9th Cir. BAP 2014). We apply a two-step test to determine whether the bankruptcy court abused its discretion. Id. (citing United States v. Hinkson, 585 F.3d 1247, 1261-62 (9th Cir. 2009) (en banc)). First, we consider de novo whether the bankruptcy court applied the correct legal standard to the relief requested. Id. Then we review for clear error the bankruptcy court's factual findings. Id. (citing cases). "We must affirm the bankruptcy court's fact findings unless we conclude that they are illogical, implausible, or without support in the record." Id. A factual determination is clearly erroneous "if it was without adequate evidentiary support or was induced by an erroneous view of the law." Id.

**DISCUSSION**

Section 1112(b)(1) provides that "the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause . . . ." 11 U.S.C. § 1112(b)(1). If cause is established, the decision to convert or dismiss the case falls within the bankruptcy court's discretion. In re Sullivan, 522 B.R. at 612.[3]

---

[3] If a bankruptcy court determines that there is cause to convert or dismiss, it must also: (1) decide whether dismissal,
(continued...)

4

**Cause for dismissal under § 1112(b) existed under the facts as known to the bankruptcy court.**

The Dismissal Order notes that Debtor failed to comply with the Deficiency Order.  And "failure to comply with an order of the court" is cause for dismissal.  11 U.S.C. § 1112(b)(4)(E).

The Deficiency Order also identified three unfiled documents: Schedule C; the SOFA; and an "Application for Retention of Counsel for Debtor(s) in Possession."  And § 1112(b) defines cause to include "unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a case under this chapter . . . ."  11 U.S.C. § 1112(b)(4)(F).

We conclude that the Deficiency Order rightly noted that Debtor was required to file his Schedule C and SOFA.[4]

---

[3](...continued)
conversion, or the appointment of a trustee or examiner is in the best interests of creditors and the estate; and (2) identify whether there are unusual circumstances that establish that dismissal or conversion is not in the best interests of creditors and the estate.  11 U.S.C. § 1112(b)(1) & (2); In re Sullivan, 522 B.R. at 612.  Here the basis for the court's choice of dismissal over conversion to chapter 7 is not express, but we discern no error.  A case in chapter 7 cannot proceed where the debtor fails to file critical case initiation documents.

[4]  We assume the bankruptcy court mistakenly checked the "Application for Retention of Counsel for Debtor(s)in possession" box on the notice of deficiency.  Debtor was a natural person and could appear pro se.  Local Rule 9010-1(b), on which we assume that particular deficiency checkbox is based and which provides for dismissal, conversion, or appointment of a trustee if counsel is not approved, governs corporations, partnerships, or "any entity other than a natural person
(continued...)

5

Section 521 and Rule 1007 act in concert and require a debtor to file various case initiation documents, including a schedule of assets and liabilities and a SOFA. 11 U.S.C. § 521(a)(1)(B)(i)&(iii); Fed. R. Bankr. P. 1007(b)(1)(A)&(D). And Rule 1007(c) sets the appropriate time limits relevant here: "In a voluntary case, the schedules, statements, and other documents required by [Rule 1007](b)(1) . . . shall be filed with the petition or within 14 days thereafter . . . ." Fed. R. Bankr. P. 1007(c). Accordingly, the SOFA was due within 14 days of the petition.

But § 521 and Rule 1007 do not expressly require a debtor to file a "schedule of exemptions." Exemptions are governed by § 522 which allows, but does not require, an individual debtor to claim exemptions in his assets. 11 U.S.C. § 522(b)(1). Section 522(*l*) then states that the "debtor **shall** file a list of property that the debtor claims as exempt under subsection (b) of this section." 11 U.S.C. § 522(*l*) (emphasis added). Rule 4003 implements § 522; Rule 4003(a) provides: "A debtor shall list the property claimed as exempt under § 522 of the Code on the **schedule of assets** required to be filed by Rule 1007." Fed. R. Bankr. P. 4003(a) (emphasis added). Accordingly, Rule 4003(a) resolves any ambiguity; Schedule C is a part of the required "schedule of assets" and must be filed in some form alongside Schedule A/B and within Rule 1007's 14-day timeline.

---

[4](...continued)
. . . ." LBR 9010-1(b). Any error in dismissing the case for this reason, however, was harmless; other bases for dismissal existed.

The debtor is not required to claim exemptions, but he must file Schedule C so his initial intentions are known.

As a result, Debtor's failure to file his SOFA and Schedule C justifies dismissal under § 1112(b)(4)(F).

**The bankruptcy court did not abuse its discretion in dismissing the case.**

On appeal, Debtor argues that he filed the required documents twice: with the initial chapter 11 petition and with a response to the Deficiency Order on April 10, 2017. He submits a payment receipt from his initial chapter 11 filing and provides copies of the allegedly filed documents. At oral argument, Debtor clarified his argument; he filed the documents, but they must have been misplaced because they do not appear on the docket.

And we found Debtor's statements believable and compelling. But, sitting as an appellate court, we do not find facts, evaluate credibility, or receive testimony under oath. Our review of this appeal is confined to the record and the bankruptcy court's docket.

And our review of both establishes that the bankruptcy court did not err. Debtor's appellate arguments to the contrary are not sufficient. First, Debtor's payment receipt is for his filing of a chapter 11 petition on the petition date. The receipt, however, does not say **what** Debtor filed – more particularly, it does not say that Debtor filed a schedule C or a SOFA on that date. Second, Debtor's statement that he re-filed documents on April 10, 2017 is an insufficient basis for reversal. The bankruptcy court's docket does not show that

7

Debtor filed anything on April 10, 2017 — or, for that matter, anything between the entry of the Deficiency Order and the dismissal of the bankruptcy case. Third, none of Debtor's copies of the "filed" documents include the bankruptcy court's file-stamp in the upper-right hand corner of the front page of the documents. Fourth, although we construe Debtor's arguments on appeal as an offer of proof, Debtor only presented these assertions to the bankruptcy court in the context of a motion for stay pending appeal; the bankruptcy court could not have erred by not considering evidence or arguments that were not before it at the time of decision.

Debtor also emphasizes that the bankruptcy court erred in the timing of the dismissal; he had until 14 days before the status conference to file his status conference statement. But the status report was not the issue; the Deficiency Order also directed filing of Debtor's Schedule C and SOFA within 14 days. The bankruptcy court dismissed Debtor's case for failure to file these documents.

In sum, based on the record available to it, the bankruptcy court did not clearly err when it found that the documents were not filed. As a result, the bankruptcy court appropriately dismissed Debtor's case. We must affirm.[5]

---

[5] We pause to discuss a line in Debtor's informal brief. Debtor explains that he "was told that [he] could not ask the bankruptcy [c]ourt to do anything; and that filing an appeal was the only course of action open to [him]." This was not correct. Before he appealed, Debtor could have filed a reconsideration motion under Rule 9023, which applies Civil Rule 59 in bankruptcy proceedings. And even after the time for appeal, if an appeal was not filed, Debtor could have sought relief from

(continued...)

**CONCLUSION**

Based on the foregoing, we AFFIRM.

---

[5](...continued)
the bankruptcy court under Civil Rule 60(b), applied in bankruptcy proceedings by Rule 9024.

Once this appeal is completed, we leave to Debtor's discretion whether he can or should file such a motion, and we leave the decision whether it can or should be granted to the bankruptcy court.