FILED

APR 21 2021

SUSAN M. SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT



NOT FOR PUBLICATION

# UNITED STATES BANKRUPTCY APPELLATE PANEL
## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re:<br>TRACEY P. NUBIA,<br>       Debtor. | BAP No. CC-20-1194-GKT<br><br>Bk. No. 2:19-bk-24337-NB |
| TRACEY P. NUBIA,<br>       Appellant,<br>v.<br>REAL TIME RESOLUTIONS, INC,<br>       Appellee. | **MEMORANDUM**[1] |

Appeal from the United States Bankruptcy Court
for the Central District of California
Neil W. Bason, Bankruptcy Judge, Presiding

Before: GAN, KLEIN,[2] and TAYLOR, Bankruptcy Judges.

## INTRODUCTION

Chapter 13[3] debtor Tracey Nubia ("Debtor") appeals the bankruptcy court's order valuing her residence at $430,000 and denying her motion to

---

[1] This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have, see Fed. R. App. P. 32.1, it has no precedential value, see 9th Cir. BAP Rule 8024-1.

[2] Hon. Christopher M. Klein, United States Bankruptcy Judge for the Eastern District of California, sitting by designation.

[3] Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532.

avoid the junior lien held by Appellee Real Time Resolutions, Inc. as agent for The Bank of New York Mellon as Trustee for the Certificate Holders of CWHEQ Revolving Home Equity Loan Trust, Series 2005-F ("RTR"). Debtor argues that the bankruptcy court erred by failing to accept her estimated repair costs and instead determining that mold damage to the residence was not as extensive as Debtor claimed. The bankruptcy court's factual determinations are supported by the record and Debtor has not shown that the court clearly erred in valuing the residence. Accordingly, we AFFIRM.

## FACTS[4]

Debtor filed her chapter 13 petition in December 2019. She listed her residence (the "Property") in Schedule A/B with a value of $390,000. The Property was encumbered by a first position deed of trust in the amount of $400,670.56 and a second position deed of trust held by RTR, in the amount of $40,702.38.

Debtor filed a motion to avoid RTR's junior lien pursuant to § 506(d). She asserted that the value of the Property was no more than $390,000 as evidenced by an attached appraisal and declaration from Bert Camp. Mr. Camp appraised the Property as of March 3, 2020. He relied on comparable sales with prices averaging approximately $500,000 and adjusted for the

---

[4] We exercise our discretion to take judicial notice of the bankruptcy court's docket. *See Atwood v. Chase Manhattan Mortg. Co. (In re Atwood)*, 293 B.R. 227, 233 n.9 (9th Cir. BAP 2003).

poor condition of the Property due to approximately $110,000 in deferred maintenance and estimated repairs, which in his opinion rendered the Property "almost uninhabitable." Mr. Camp included an estimate from an unnamed contractor demonstrating repair costs of $111,150.

RTR opposed the motion and argued it was based on a flawed appraisal because Mr. Camp did not appraise the Property as of the petition date and he relied on an estimate from an unnamed contractor. RTR asserted that the Property had a fair market value of $455,000 based on an appraisal from Eric DeLuca. Mr. DeLuca also relied on comparable sales with prices averaging approximately $500,000, but his adjustment for deferred maintenance was $20,000. Mr. DeLuca noted water damage in the upstairs bathroom and estimated costs for remediation of the damage at $20,000, "based on discussions with local contractors and handymen." His appraisal was "subject to" an inspection from a mold expert and was based on the "extraordinary" assumption that the water damage required no additional remediation for mold damage.

Debtor filed a reply and argued that Mr. DeLuca improperly relied on inadmissible hearsay in estimating repair costs at $20,000 and failed to adjust for mold damage remediation despite having a reasonable suspicion that it existed. Concurrent with the reply, Debtor submitted a declaration from Daniel Messina, a certified mold removal contractor, who inspected the Property in May 2020. Mr. Messina provided an estimate to remediate all damages, including mold removal, in the amount of $131,925.

3

At the hearing on Debtor's motion, the bankruptcy court asked the parties how they wanted to proceed on the question of valuation. The parties agreed to submit the issue on the existing record, including the motion, opposition, and reply and stipulated that the declarations and appraisals filed in support of the documents were admitted as evidence. The bankruptcy court took the matter under advisement and issued a memorandum decision and order denying Debtor's motion.

The bankruptcy court noted that the primary difference between the competing appraisals was the adjustment for necessary repairs. It determined that although there was a substantial likelihood of mold and water damage, it was not as extensive or costly as Debtor asserted. The court reasoned that Mr. DeLuca's adjustment of $20,000 for repairs did not include mold remediation, but Mr. Messina's estimate of $131,925 included extensive work beyond mold removal and roof repair, including a complete replacement of bathtubs, fixtures, vanities, lighting and plumbing for two bathrooms, and did not include a breakdown of his total dollar estimate. Based on the appraisals, the court determined that the Property had a value of $430,000, and accordingly denied Debtor's motion to avoid the lien. Debtor timely appealed.

## JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(K). We have jurisdiction under 28 U.S.C. § 158.

## ISSUE

Whether the bankruptcy court erred by valuing the Property at $430,000 and denying Debtor's motion to avoid RTR's junior lien.

## STANDARD OF REVIEW

A bankruptcy court's determination of property value is a question of fact which we review for clear error. *Arnold & Baker Farms v. United States (In re Arnold & Baker Farms)*, 85 F.3d 1415, 21421 (9th Cir. 1996). Factual findings are clearly erroneous if they are illogical, implausible, or without support in the record. *Retz v. Samson (In re Retz)*, 606 F.3d 1189, 1196 (9th Cir. 2010).

## DISCUSSION

In general, a chapter 13 debtor may not modify the rights of a creditor whose claim is secured "only by a security interest in real property that is the debtor's principal residence." § 1322(b)(2). However, if such claim is wholly unsecured, the anti-modification provision of § 1322(b)(2) does not apply, and the lien may be avoided under § 506(d). *Zimmer v. PSB Lending Corp. (In re Zimmer)*, 313 F.3d 1220, 1222-23 (9th Cir. 2002).

Whether a junior lienholder has a secured claim or a wholly unsecured claim depends on whether there is any value in the collateral to secure the claim. *Id.* at 1225 (citing *Lane v. W. Interstate Bancorp (In re Lane)*, 280 F.3d 663, 669 (6th Cir. 2002)). Pursuant to § 506(a)(1), a lienholder's claim is "a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property" and an unsecured claim

5

"to the extent that the value of such creditor's interest . . . is less than the amount of such allowed claim."

Debtor does not dispute the existence of a valid first position lien secured by the Property in the amount of $400,670.56. Therefore, the bankruptcy court erred by denying the motion only if the value of the Property was less than $400,670.56.

## A.    The Appraisals

Debtor argues that the bankruptcy court's valuation was clearly erroneous because the court did not accept Mr. Messina's uncontested repair estimates, and it considered Mr. DeLuca's appraisal, which relied on hearsay evidence.

RTR was not required to contest Mr. Messina's repair estimate, and the bankruptcy court was not required to adopt it as part of its valuation. RTR contested Debtor's motion and provided appraisal evidence in support of its opposition. More importantly, the bankruptcy court is not bound to accept valuation opinions or appraisals and may form its own opinion of value based on the evidence presented. *In re Creekside Senior Apartments, LP*, 477 B.R. 40, 61 (6th Cir. BAP 2012) (quoting *In re Smith*, 267 B.R. 568, 572 (Bankr. S.D. Ohio 2001)); *In re Capitol Station 65, LLC*, No. 17-23627, 2018 WL 333863, at *5 (Bankr. E.D. Cal. Jan. 8, 2018); *In re Prewitt*, 552 B.R. 790, 797 (Bankr. E.D. Tex. 2015); *see also Sammons v. Comm'r*, 838 F.2d 330, 334 (9th Cir. 1988) ("the trial court has broad discretion to evaluate 'the

6

overall cogency of each expert's analysis.'" (quoting *Ebben v. Comm'r*, 783 F.2d 906, 909 (9th Cir. 1986)).

The bankruptcy court did not err by considering Mr. DeLuca's appraisal. At the hearing on the motion, the parties agreed to forego an evidentiary hearing and submit the motion on the evidence in the record. The parties stipulated that the appraisals and declarations in the record were admitted as evidence and therefore, Debtor waived any objection to Mr. DeLuca's appraisal. *See United States v. Cruz-Rodriguez*, 570 F.3d 1179, 1184 (10th Cir. 2009) ("A stipulation by its very nature signals the intentional relinquishment of any and all rights to challenge the admissibility of the stipulated evidence, and is a clear example of waiver if anything is.") (quotations marks and citations omitted). Furthermore, experts may rely on evidence that would otherwise be hearsay to explain the basis of their opinions. *Paddack v. Dave Christensen, Inc.*, 745 F.2d 1254, 1261-62 (9th Cir. 1984); Fed. R. Evid. 703.

**B.    The Bankruptcy Court Did Not Clearly Err By Valuing The Property At $430,000**

Valuation is not an exact science. *In re Arnold & Baker Farms*, 85 F.3d at 1421. The Ninth Circuit has explained:

> Complex factual inquiries such as valuation require the trial judge to evaluate a number of facts: whether an expert appraiser's experience and testimony entitle his opinion to more or less weight; whether an alleged comparable sale fairly approximates the subject property's market value; and the overall cogency of each expert's analysis. Trial courts

have particularly broad discretion with respect to questions of valuation.

*Ebben*, 783 F.2d at 906.

The bankruptcy court's decision to value the Property at $430,000 is supported by evidence in the record. The primary difference between the competing appraisals is the adjustment made by each appraiser for necessary repairs to the Property. Mr. DeLuca's appraisal did not include costs for mold damage, but it did include adjustments for repairs associated with water damage, ceiling and roof repair, bathroom repair, and cleanup. And, while Mr. Messina's repair estimate included costs for mold damage, it also included a complete replacement of two bathrooms and did not allocate the total dollar estimate between the various repairs.

The court carefully considered the evidence submitted by the parties and, based on the appraisals and a review of the photographs, determined that although there was a substantial likelihood of water and mold damage to the Property, remediation costs were not likely to be as extensive as Debtor suggested.

Debtor argues that the court clearly erred by not accepting Mr. Messina's repair estimate after determining that mold damage was substantially likely. But the evidence submitted to the bankruptcy court does not demonstrate the cost for mold damage remediation. It demonstrates only a cost for all repairs, including work which the bankruptcy court found unnecessary. By stipulating to submit the motion

on the existing record, Debtor gave up her ability to clarify the opinions of her experts or test the credibility of RTR's expert at an evidentiary hearing.

The bankruptcy court, in its capacity as trier of fact, is not required to accept the opinion of one or the other competing experts. Rather, the role of experts is to help the trier of fact to understand the evidence or determine a fact in issue. Fed. R. Evid. 702(a). Experts are entitled reasonably to rely on facts or data that are not admissible. Fed. R. Evid. 703. Here, it is apparent that the trier of fact was assisted by both experts, who each started with comparable sales of about $500,000, but arrived at final values of $390,000 and $455,000 based on different adjustments for repairs, deferred maintenance, and mold remediation. The court's conclusion that the value was $430,000 is within the range a rational trier of fact could determine based on the evidence. It is noted, that even if the court had determined that adjustments of an additional $29,000 were appropriate, the result for Debtor, in view of the $400,670.56 senior deed of trust, would have been the same.

The court's valuation is not illogical, implausible, or without support in the record, and Debtor has not shown that the court clearly erred in valuing the Property at $430,000.

## CONCLUSION

For the reasons stated above, we AFFIRM the bankruptcy court's order denying Debtor's motion to avoid the junior lien held by RTR.