**In re Mark ATWOOD and Mikaleena Atwood, Debtors.**

**Mark Atwood and Mikaleena Atwood, Appellants,**

**v.**

**Chase Manhattan Mortgage Co.; and William Van Meter, Chapter 13 Trustee; Appellees.**

**BAP No. NV–02–1230–BKBu.**

**Bankruptcy No. 01–33415–GWZ.**

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Argued and Submitted Jan. 22, 2003.

Filed April 25, 2003.

§ 1334 or certification of the questions to the Arizona Supreme Court, as deemed appropriate by the bankruptcy court.

Geoffrey L. Giles, Reno, NV, for Mark Atwood and Mikaleena Atwood.

Before BRANDT, KLEIN and BUFFORD [1], Bankruptcy Judges.

## OPINION

BRANDT, Bankruptcy Judge.

We are presented in this appeal with one facet of the problem of how a creditor's bankruptcy-related charges are to be determined for purposes of fixing the "reasonable fees, costs, or charges" allowable

1. Hon. Samuel L. Bufford, Bankruptcy Judge for the Central District of California, sitting    by designation.

under § 506(b)[2] or the amount necessary to cure a default under § 1322(b). This procedural issue often appears, as in this instance, in small (less than $1,000) bites, but may have multi-million dollar ramifications. Neither the Bankruptcy Code nor the Federal Rules of Bankruptcy Procedure provide straightforward answers.

Although we reject appellant debtors' contention that Rule 2016 provides the exclusive procedural mechanism for establishing the attorney's fees a creditor may recover, and hold that a proof of claim may suffice, we nevertheless REVERSE, as clearly erroneous for lack of evidence, the order allowing appellee's claim over debtors' objection.

## I. FACTS

The facts are uncontested. On 2 October 2001, debtors filed a petition for chapter 13 protection. Chase Manhattan Mortgage Co. holds a first deed of trust on debtors' real property. Debtors filed a plan which proposed to pay $3000 in prepetition arrears. Chase Manhattan filed a proof of claim preconfirmation for a principal balance of $156,835.24. Exhibit A to the proof of claim is a statement of delinquencies totaling $3960.74, consisting of three monthly payments in arrears, attorney's fees of $450, and several other charges.

Debtors objected to the attorney's fees component of Chase Manhattan's claim. They argued that a fee may not be allowed for simply filing a claim, and that the fee is post-petition, not properly included in a proof of claim. The mortgage company responded that the fee was based on an arrangement for "prepetition services" provided by its counsel and allowed under the promissory note and mortgage agreement.

The chapter 13 trustee, William Van Meter, supported debtors' argument, stating:

> [T]he proof of claim should reflect a claim as the claim was on the date of the petition.
>
> The creditor may well incur post-petition fees. That's not part of the proof of claim. I think it is incorrect to assume in the proof of claim that the creditor is going to incur additional fees and automatically put those into the proof of claim.

Transcript, 10 April 2002, at 13.

At the hearing, Chase Manhattan orally offered to deduct the fee, but there is no amended proof of claim in the record provided to us.

The bankruptcy judge stated:

> [I]t seems to me that coincidentally with filing of the claim the attorney's fees are incurred by reason of the bankruptcy and can be included in the claim because they're included in the contract. The contract calls for attorney's fees.
>
> And if you are filing a claim and coincidentally you incur services to file that claim and to determine what your objections are to the plan, that is part of your claim.

*Id.* at 5–6. The court overruled debtors' objection, and allowed Chase Manhattan's claim without interest on the attorney's fee component, elaborating:

> There were arrears in this case. Generally, amounts incurred post-petition are not allowed as part of a claim. The secured creditor was entitled to object to the amount alleged as arrears and is

**2.** Absent contrary indication, all section and chapter references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1330. All "Rule" references are to the Federal Rules of Bankruptcy Procedure.

entitled to a reasonable fee to be added to the arrears.

There has been much quibbling in this case over the allowance of the fee. A review of the file reflects that fees were incurred by the secured creditor in its objection to make certain of its proper arrearages with interest, late charges and other charges were paid. The issue of whether such fees were pre or post petition took the time and effort of counsel for both the debtor and the secured party.

Order, 16 April 2002, at 2. The court entered a confirmation order on 25 June 2002.

Debtors timely appealed the order overruling their claim objection. Chase Manhattan did not brief or argue this appeal.

## II. JURISDICTION

The bankruptcy court had jurisdiction via 28 U.S.C. § 1334 and § 157(b)(1) and (b)(2)(A) and (B), and we do under 28 U.S.C. § 158(c).

## III. ISSUES

1. Whether it was procedurally correct for a creditor to assert a claim for attorney's fees via a proof of claim pursuant to either 11 U.S.C. § 506(b) or § 1322(b); and

2. Whether there was sufficient evidence to support the proof of claim.

## IV. STANDARD OF REVIEW

We review findings of fact for clear error, Rule 8013, and will find clear error if, after reviewing the record, we have a firm and definite conviction that a mistake has been committed. *Anderson v. Bessemer City,* 470 U.S. 564, 573, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985). Whether a particular procedure satisfies the basic requirements of due process is a question of law which we review de novo. *Garner v. Shier (In re Garner),* 246 B.R. 617, 619 (9th Cir. BAP 2000).

## V. DISCUSSION

As framed by the appellants, this appeal raises a narrow question: whether a secured creditor's claim for attorney's fees requires a fee application under Rule 2016, with notice to all creditors. Debtors assert that, although only $450 is at stake in this appeal, this is a "test case" for curing a "substantially flawed and abusive process that costs consumers millions of dollars." Appellants' Brief, at 7, note 3.

Debtors argue policy: allowing fees in a proof of claim permits creditors to add further to the debtors' burdens, thus achieving late "preferences" over other creditors without notice, undermining the purpose of rehabilitative proceedings.

We think the issue is broader than appellants' formulation: first, the requirement of a Rule 2016 motion would not necessarily provide a comprehensive answer, because § 506(b) also covers "reasonable fees, costs, and charges" other than professional compensation, arguably outside the scope of Rule 2016; second, Rule 2016 does not clearly encompass other instances in which such charges may surface, including motions for relief from stay and, as here, where the dispute underlying this appeal is the amount necessary to cure the default on the Chase Manhattan debt. Nor does the Rule 2016 procedure address other issues that could be involved in the determination of cure amounts in accordance with "the underlying agreement and applicable nonbankruptcy law." 11 U.S.C. § 1322(e).

In short, in our experience as trial judges in bankruptcy courts, we are frequently confronted with questions regarding the propriety of appraisal, inspection, documentation, security, and other

charges, costs, and fees, many of which do not clearly fit within the confines of the fee application rule.

The policy concerns that debtors raise are important and may well be as extensive as they urge, but we must limit ourselves to deciding only those questions necessary to dispose of this appeal: whether Chase Manhattan can recover its attorney's fees via proof of claim, and whether that claim was properly allowed.[3] *See United States v. Fruehauf,* 365 U.S. 146, 157, 81 S.Ct. 547, 5 L.Ed.2d 476 (1961) (no advisory opinions). We answer the first question in the affirmative and the second in the negative.

## A. *Fees, costs, and charges*

■ The first question is whether it is procedurally correct for a creditor to assert that its debt includes attorney's fees and establish the amount of such fees via a proof of claim. The debtors assert that an application for compensation under Rule 2016 is the exclusive method for establishing such fees.

The facts of this case implicate two separate sections of the Bankruptcy Code. First, it appears that Chase Manhattan is an oversecured creditor with a § 506(b) right to fees under the underlying agreement.[4] Second, debtor's plan requires determination of the amount necessary to cure their default on the Chase Manhattan debt, as permitted by § 1322(b).

Section 506(b) permits oversecured creditors to claim attorney's fees:

To the extent that an allowed secured claim is secured by property the value of which, after any recovery under subsection (c) of this section, is greater than the amount of such claim, there shall be allowed to the holder of such claim, interest on such claim, and any reasonable fees, costs, or charges provided for under the agreement under which such claim arose.

Section 1322(b)(3) authorizes a chapter 13 plan to provide for the curing of any default, with the law governing the determination of the cure amount specified by § 1322(e):

Notwithstanding subsection (b)(2) of this section and sections 506(b) and 1325(a)(5) of this title, if it is proposed in a plan to cure a default, the amount necessary to cure the default shall be determined in accordance with the underlying agreement and applicable bankruptcy law.[5]

Although § 1322(e) appears to trump § 506(b), both sections potentially pertain when a secured creditor files a proof of claim, because it will not always be apparent that the debtor's chapter 13 plan will cure the default, and the case may be converted to or from chapter 7. The Code does not establish specific procedures for determining § 506(b) claims and § 1322 cure amounts.

Rule 2016(a) does not explicitly cover, but may be read broadly enough to include secured creditors' claims for fees:

An entity seeking interim or final compensation for services, or reimbursement of necessary expenses, from the estate shall file an application setting forth a detailed statement of (1) the

---

3. Argued in the bankruptcy court—Chase Manhattan's failure to participate in this appeal is baffling, particularly if (as we suspect) the concern is as broad as debtors assert. *See Investors Thrift v. Lam (In re Lam),* 192 F.3d 1309, 1311 (9th Cir.1999)

4. Although not clearly established in the record on appeal, debtors' counsel so conceded at argument.

5. Parallel provisions are found in §§ 1123(d) and 1222(d).

services rendered, time expended and expenses incurred, and (2) the amounts requested.... The requirements of this subdivision shall apply to an application for compensation for services rendered by an attorney or accountant even though the application is filed by a creditor or other entity....

Nor is there a relevant local rule or administrative order in the District of Nevada.[6] *See also In re Plant,* 288 B.R. 635, 641–44 (Bankr.D.Mass.2003) (discussing interplay of §§ 506(b), 1322(e), and Rule 2016); per local rule, Rule 2016 fee application is not required if no party objects.

Debtors rely on *Tate v. NationsBanc Mortgage Corp. (In re Tate),* 253 B.R. 653, 665 (Bankr.W.D.N.C.2000), which held that creditors who seek attorney's fees under § 506(b) must file and serve a notice and fee application under Rule 2016. They also rely on *In re Banks,* 31 B.R. 173, 178–79 (Bankr.N.D.Ala.1982), which held that attorney's fees included in a creditor's proof of claim for filing that claim and attending confirmation hearings were neither reasonable nor necessary.[7]

In contrast, the bankruptcy court in *In re Powe,* 281 B.R. 336 (Bankr.S.D.Ala. 2001) concluded that either a fee application complying with § 503 and Rule 2016, or a proof of claim specifically claiming the fee, is sufficient for due process. Either procedure gives debtors an opportunity to object and be heard.

In *Powe,* the creditor filed proofs of claim in two chapter 13 cases. In each, the amount claimed as secured included attorney's fees of $225, without further explication of the charge. The court considered what disclosure of an attorney's fee was required, citing § 502 (establishing procedures for allowance of pre– and post-petition claims) and § 506(b) (allowing for post-petition attorney's fee claims), and observing that the Code does not clearly answer that question. *Id.* at 346. After noting the danger of claims for anticipated fees, advance charges for services that may or may not be required in the case, and the inability of the debtor to determine whether or not the fees are reasonable, *id.* at 346–48, the court found insufficient evidentiary support for the requests and disallowed the requested fees.

We disagree with *Tate* and agree with *Powe,* that, in addition to a Rule 2016(a) application, a proof of claim may be procedurally appropriate. Because § 506(b)'s applicability is limited to expenses "provided for under the agreement under which such claim arose," those expenses are inherently part of the pre-petition claim, although contingent and although the services may have been rendered post-petition. *Woburn Assocs. v. Kahn (In re Hemingway Transp., Inc.),* 954 F.2d 1, 8 (1st Cir.1992), *followed, Abercrombie v. Hayden Corp. (In re Abercrombie),* 139 F.3d 755, 759 (9th Cir.1998). We do not exclude the possibility that other procedural vehicles could also be pressed into service to resolve creditors' fees and charges.

## B. *Claim and Objection*

■ Having concluded that Chase Manhattan could assert its right to attorney's fees in its proof of claim, we turn to the

---

**6.** Debtors expend considerable energy arguing that not just they, but all creditors, are entitled to notice of the fee request, as under Rule 2016. In the present case the applicable notice provision, Rule 2002(a)(6), would not require notice to all creditors of a Rule 2016(a) fee application, as the request is for less than $1000.

**7.** Decided under the Bankruptcy Act, former 11 U.S.C. § 601 et seq.

question whether the bankruptcy court correctly allowed the claim.

■ A secured claim holder has the burden of proving the reasonableness of its fee claim, whether under § 506(b) or under § 1322.[8] *See Welzel v. Advocate Realty Investments, LLC (In re Welzel)*, 275 F.3d 1308, 1316 (11th Cir.2001); *In re McMullen*, 273 B.R. 558, 561 (Bankr. C.D.Ill.2001). Chase Manhattan's claim generally conforms to the official form, as required by Rule 3001(a). An exhibit lists the amounts of late charges (perhaps twice), an escrow shortage, and property inspection fees, totaling $316.92, and $450.00 in attorney's fees, as well as disclosing a suspense account of $791.35.[9]

The opposition to the claim objection— an unsworn memorandum of counsel—sets forth what "pre-petition representation" includes, presumably implying those tasks were performed in this instance. Confusingly, that representation consists largely of inherently post-petition activities: review of the plan, schedules, and feasibility, attending the § 341 meeting of creditors and perhaps the confirmation hearing, etc. The unsworn memorandum does not proffer a copy of the fee agreement, nor disclose its terms, nor is there any representation that anything in particular was done in this case.

■ The requirement of reasonableness requires some evidence on that question once debtors objected, pointing out the missing essential element. *Plant*, 288 B.R. at 644. As Chase Manhattan had the affirmative burden of showing reasonableness as a matter of law, the objection, as here, need only note the absence of any such showing, and does not require evidence in support. *See In re Davidson Metals*, 152 B.R. 917, 919 (Bankr.N.D.Ohio 1993), *aff'd*, 65 F.3d 168, 1995 WL 514850 (6th Cir.1995) (table); *In re Ward*, 190 B.R. 242, 245–246 (Bankr.D.Md.1995). In effect, the omission of the proof of claim to address an essential element of the substantive claim deprives Chase Manhattan of the favorable Rule 3001(f) evidentiary presumption regarding validity and amount. *Garner v. Shier (In re Garner)*, 246 B.R. 617, 620–621 (9th Cir. BAP 2000).

Regarding the reasonableness of the fee, we are not told whether Chase Manhattan actually pays the fee if for some reason it is not paid via the plan, or whether it is comparable to what others similarly situated pay, or fees for equivalent services in non-bankruptcy contexts, although the memorandum states that the amount is set in unidentified and uncited "Freddie Mac" guidelines for each state.

Chase Manhattan's amended claim here is no more specific than those at issue in *Powe:* there is no evidence supporting the necessary finding of reasonableness.

## VI. CONCLUSION

Absent an evidentiary basis, the implicit finding of reasonableness was clearly erroneous, *see Arnold v. Gill (In re Arnold)*, 252 B.R. 778, 786 (9th Cir. BAP 2000), whether viewed as allowance of a claim under § 506(b), determination of a cure

---

8. Chase Manhattan did not contend that applicable nonbankruptcy law excused it from demonstrating reasonableness, thereby waiving any possible § 1322(e) issue on that account.

9. The excerpts of record provided us did not include a copy of the promissory note and deed of trust that were attached to Chase Manhattan's claim. We have obtained copies from the clerk of the bankruptcy court, and take judicial notice of them. *O'Rourke v. Seaboard Surety Co. (In re E.R. Fegert, Inc.)*, 887 F.2d 955, 957–58 (9th Cir.1989) (appellate court may take judicial notice of the bankruptcy records).

amount under § 1322, or approval of fees under § 330 and Rule 2016(a).

Accordingly, although it was procedurally correct to seek the fees via proof of claim, we REVERSE.