

FILED

MAR 30 2021

SUSAN M. SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

## NOT FOR PUBLICATION

## UNITED STATES BANKRUPTCY APPELLATE PANEL
## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re:<br>JOSHUA NEIL HARRELL,<br>　　　　　　　　Debtor. | BAP No.　EC-20-1091-BTL<br><br>Bk. No.　　20-21228 |
| JOSHUA NEIL HARRELL,<br>　　　　　　　Appellant,<br>v.<br>UNITED STATES TRUSTEE; ALAN S.<br>FUKUSHIMA, Chapter 7 Trustee,<br>　　　　　　　Appellees. | **MEMORANDUM**[1] |

Appeal from the United States Bankruptcy Court
for the Eastern District of California
Frederick E. Clement, Bankruptcy Judge, Presiding

Before: BRAND, TAYLOR, and LAFFERTY, Bankruptcy Judges.

---

[1] This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have, *see* Fed. R. App. P. 32.1, it has no precedential value, *see* 9th Cir. BAP Rule 8024-1.

1

## INTRODUCTION

Appellant, Joshua Neil Harrell, appeals an order dismissing his chapter 7[2] case for failure to file documents. We AFFIRM.

## FACTS

Harrell is incarcerated at Folsom State Prison in California. He filed a "skeletal" chapter 7 bankruptcy case on March 2, 2020.[3] Later that day, the clerk issued a Notice of Incomplete Filing ("Notice"), instructing Harrell to file by March 9 a Statement of SSN (Form 121) and Verification and Master Address List, and to file by March 16 the Statement of Monthly Income, Schedules A-J, Statement of Financial Affairs, and Summary of Assets and Liabilities. The Notice stated that if two filing dates were shown, each date must be timely satisfied as to the documents governed by that date.

On March 10, Harrell filed all of the documents listed in the Notice, with the exception of the Verification and Master Address List, which was due March 9.

On March 11, Harrell requested, and the bankruptcy court granted, an extension of time to file missing documents. Harrell was given until March 30 to file them.

---

[2] Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532, and all "Rule" references are to the Federal Rules of Bankruptcy Procedure.

[3] Harrell did not file excerpts of the record. Therefore, we exercised our discretion to review the bankruptcy court's electronic docket and the relevant pleadings. *See Atwood v.*

On March 26, Harrell filed a "Request for Assistance Giving Notice to Creditors." Harrell stated that he was unable to provide notice of his case to creditors, because he filed his only copy of his bankruptcy documents on March 10 and Folsom was on lockdown due to the COVID-19 pandemic.

On March 31, the clerk issued an Order Dismissing Case for Failure to Timely File Documents, stating that the case was dismissed for failure to comply with the Notice. This timely appeal followed.

## JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(A). We have jurisdiction under 28 U.S.C. § 158.

## ISSUE

Did the bankruptcy court err in dismissing Harrell's chapter 7 case?

## STANDARD OF REVIEW

A determination to dismiss a chapter 7 case is reviewed for an abuse of discretion. *Mendez v. Salven (In re Mendez)*, 367 B.R. 109, 113 (9th Cir. BAP 2007). A trial court abuses its discretion if it applies the wrong legal standard or if its factual findings were clearly erroneous. *United States v. Hinkson*, 585 F.3d 1247, 1262 (9th Cir. 2009) (en banc).

---

*Chase Manhattan Mortg. Co. (In re Atwood)*, 293 B.R. 227, 233 n.9 (9th Cir. BAP 2003).

## DISCUSSION

Harrell argues that the bankruptcy court erred by dismissing his case for failure to file documents. Harrell maintains that he was unable to complete and file the missing documents because of Folsom's change in access to the law library due to the COVID-19 pandemic.

The dismissal order did not state what documents listed in the Notice were missing, but we assume it was the Verification and Master Address List. Section 521(a)(1)(A) requires that debtors file a separate "list of creditors." Rule 1007(a)(1) provides that, "[i]n a voluntary case, the debtor shall file with the petition a list containing the name and address of each entity included or to be included on Schedules D, E/F, G, and H as prescribed by the Official Forms." Further, Local Bankruptcy Rule 1007-1(b) requires that debtors submit a "Master Address List which includes the name, address, and zip code of all of the debtor's known creditors," and that it "be prepared in strict compliance with . . . Form EDC 2-190[.]" Form EDC 2-190 instructs that the Master Address List is used for noticing creditors and must be filed at the time the petition is filed.

Given the mandate of § 521(a)(1)(A), Rule 1007(a)(1), and Local Bankruptcy Rule 1007-1(b), we conclude that the bankruptcy court did not err in dismissing Harrell's chapter 7 case. The creditor list "is a critical part of the functioning of the bankruptcy court system, ensuring that notice of the bankruptcy proceedings is given to all interested parties." *Wilcox v. Anderson*

4

*(In re Wilcox)*, No. 10-32828, 2011 WL 3347772, at *5 (10th Cir. BAP Aug. 4, 2011). The Verification and Master Address List was due on March 9. The Notice warned that the court could dismiss the case without further notice if (1) the Verification and Master Address List was not filed by March 9, or (2) if a motion for an extension of time to file it was not filed on or before March 9. Neither of those things occurred. On March 10, Harrell requested an extension of time to file missing documents. However, as to the Verification and Master Address List, his request was untimely.

Even if Harrell had until the extended deadline of March 30 to file the document, he did not do so. The extension order directed the clerk to dismiss the case without further notice if Harrell did not file missing documents by March 30. On March 26, Harrell requested assistance in notifying his creditors, which could have been construed as a second request for an extension of time to file missing documents. His request was filed ex parte – i.e., not served on the chapter 7 trustee or the U.S. Trustee – but the extension order expressly stated that no further extensions of time to file missing documents would be granted by ex parte application.

Further, the bankruptcy court is not obliged to assist a pro se debtor in notifying his or her creditors. That minimal burden in exchange for relief in bankruptcy is on the debtor. As the court in *Wilcox* noted:

> Shifting the burden of entering names and addresses of all creditors and other parties of interest into the court's CM/ECF

system in each case to bankruptcy court clerks would both seriously tax the bankruptcy courts' already limited resources and, more importantly, would significantly delay the receipt of notice of bankruptcy filings by parties in interest. When one considers that each bankruptcy district receives literally thousands of bankruptcy petitions each year, the possibility of a system breakdown under such circumstances is real. Therefore, placing the minimal burden of performing this function in their own case on debtors is both reasonable and necessary.

*Id.* at *5.

## CONCLUSION

For the reasons stated above, we AFFIRM. Harrell is free to file another chapter 7 case if he so chooses.[4]

---

[4] Harrell had also requested appointment of counsel, which the bankruptcy court denied. We do not address his argument that the court erred by failing to appoint counsel. That was a separate order which Harrell did not timely appeal.