FILED

JUL 20 2021

SUSAN M. SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

**NOT FOR PUBLICATION**

# UNITED STATES BANKRUPTCY APPELLATE PANEL
## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re:<br>ERIC THOMAS MESI,<br><br>          Debtor. | BAP No. NC-21-1008-BSF<br><br>Bk. No. 5:20-bk-51015 |
| ERIC THOMAS MESI,<br>          Appellant,<br>v.<br>SOLIEL ASSOCIATION MANAGEMENT,<br>          Appellee. | Adv. No. 5:20-ap-05040<br><br>**MEMORANDUM**[1] |

Appeal from the United States Bankruptcy Court
for the Northern District of California
M. Elaine Hammond, Bankruptcy Judge, Presiding

Before: BRAND, SPRAKER, and FARIS, Bankruptcy Judges.

Eric Thomas Mesi appeals *pro se* from the bankruptcy court's order dismissing with prejudice his adversary proceeding against Soliel Association Management ("Soliel") under Civil Rule 12(b)(1), (6) and (7) and Rule 7012,[2]

---

[1] This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have, *see* Fed. R. App. P. 32.1, it has no precedential value, *see* 9th Cir. BAP Rule 8024-1.

[2] Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, all "Rule" references are to the Federal Rules of Bankruptcy Procedure, and all "Civil Rule" references are to the Federal Rules of Civil Procedure.

1

for lack of subject matter jurisdiction, failure to state a claim upon which relief can be granted, and failure to join indispensable parties.[3]

Mesi owns a residence that is part of The Cliffs of Dover Homeowners Association ("HOA") in Las Vegas. The HOA is a Nevada non-profit corporation with its principal place of business in Las Vegas. Soleil is a Nevada limited liability company with its principal place of business in Las Vegas. Soliel provides professional management services to the HOA. At one time, Mesi was a member of the HOA board. Harvey Palacio serves (or served) as the treasurer/secretary for the HOA board.

After filing a no-asset chapter 7 bankruptcy case on July 6, 2020, in the Northern District of California, Mesi filed adversary proceedings against various parties including Soliel and the State of Nevada. Mesi commenced his case against Soliel with a "Motion for Home Owners Association Primary Residence Conditional Waiver and Lien CC&RS Release Off Property" (the "Complaint"). Mesi alleged that due to illegal activities by Palacio, the HOA's reserve funds were depleted, resulting in an increase in assessment fees against all homeowners and a purported HOA lien placed against Mesi's residence. Mesi alleged criminal claims against Palacio under Title 18 of the United States Code, including mail and wire fraud.

Soliel moved to dismiss the Complaint under Civil Rule 12(b)(2), (3), (5), (6) and (7), arguing that: (a) the California bankruptcy court lacked

---

[3] We exercised our discretion to take judicial notice of documents electronically filed in the bankruptcy court, where appropriate. *See Atwood v. Chase Manhattan Mortg. Co. (In re Atwood)*, 293 B.R. 227, 233 n.9 (9th Cir. BAP 2003).

jurisdiction over Soliel and was not the proper venue; (b) Mesi's service of process was insufficient; (c) Mesi failed to state a viable claim against Soliel under any federal statute cited in the Complaint; and (d) Mesi failed to join the HOA and Palacio as indispensable parties.

Mesi filed two oppositions to the motion to dismiss. Attempting to add new claims to the Complaint, Mesi sought from Soliel a refund of $171,700 for what he contended was the amount the HOA lost due to Palacio's activities. Mesi also sought relief from a recent $60 assessment fee charged by Soliel.

After a hearing, the bankruptcy court entered an order granting Soliel's motion to dismiss under Civil Rule 12(b)(1), (6) and (7). The court found that it lacked subject matter jurisdiction because all of the claims alleged against Palacio were criminal in nature. Further, the Complaint failed to state a claim against Soliel. Finally, Mesi had failed to join the HOA and Palacio as indispensable parties. After the court entered a judgment dismissing the Complaint with prejudice, Mesi timely appealed.

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2). *See United States v. Ruiz*, 536 U.S. 622, 628 (2002) ("[A] federal court always has jurisdiction to determine its own jurisdiction."). Accordingly, we have jurisdiction under 28 U.S.C. § 158.

Soliel argues that the appeal should be dismissed for Mesi's failure to provide an adequate record or the transcript from the hearing. We were able to review the relevant documents for this appeal on the bankruptcy court's electronic docket. Further, the transcript is not necessary since the bankruptcy

3

court provided a detailed ruling in its written order granting the motion to dismiss.

Despite this, Mesi's opening brief addresses only arguments about how the bankruptcy court erred in dismissing his adversary proceeding against the State of Nevada. That proceeding was dismissed on September 9, 2020, for failure to file missing documents. Mesi did not appeal that dismissal.

Mesi attempts to remedy his error in his reply brief. However, it too fails to address in any fashion how the bankruptcy court erred in granting Soliel's motion to dismiss and dismissing the Complaint with prejudice. As a result, Mesi has waived his appeal of the dismissal order. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999) ("[O]n appeal, arguments not raised by a party in its opening brief are deemed waived."); *Greenwood v. FAA*, 28 F.3d 971, 977 (9th Cir. 1994) (appellate court will "review only issues which are argued specifically and distinctly in a party's opening brief" and "will not manufacture arguments for an appellant").

At oral argument, Mesi stated that his only concern at this point is the $60 assessment fee allegedly charged by Soliel. But the bankruptcy court expressly stated that it was not deciding that issue, since this postpetition fee was not part of the Complaint or the motion to dismiss. Because Mesi has not asserted any reversible error by the bankruptcy court, we AFFIRM.[4]

---

[4] *See Meehan v. Ocwen Loan Servicing LLC (In re Meehan)*, 659 F. App'x 437, 438 (9th Cir. 2016) (affirming dismissal order because *pro se* debtor failed to assert in his opening brief any argument for how the BAP or the bankruptcy court erred).