

**NOT FOR PUBLICATION**

## UNITED STATES BANKRUPTCY APPELLATE PANEL
## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re:<br>AHMAD JAMALEDDIN ALJINDI,<br>Debtor. | BAP No. CC-21-1235-GFS<br><br>Bk. No. 6:17-bk-11311-MH |
| AHMAD JAMALEDDIN ALJINDI,<br>Appellant. | **MEMORANDUM**<sup>*</sup> |

Appeal from the United States Bankruptcy Court
for the Central District of California
Mark D. Houle, Bankruptcy Judge, Presiding

Before: GAN, FARIS, and SPRAKER, Bankruptcy Judges.

### INTRODUCTION

Ahmad Jamaleddin Aljindi purports to appeal the bankruptcy court's orders denying his motion to reopen his chapter 7[1] case and denying his motion to expunge and seal the records of his case. However, Mr. Aljindi does not attach those orders to his notice of appeal, and the bankruptcy

---

<sup>*</sup> This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have, *see* Fed. R. App. P. 32.1, it has no precedential value, *see* 9th Cir. BAP Rule 8024-1.

[1] Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532, and all "Rule" references are to the Federal Rules of Bankruptcy Procedure.

court docket does not evidence any such orders or motions. The only order attached to Mr. Aljindi's notice of appeal—and the only one entered on the bankruptcy court docket—is the order denying Mr. Aldjindi's request to waive the fee for reopening his case. Consequently, that is the only order at issue in this appeal.

In his Opening Brief, Mr. Aljindi expressly states that he is not appealing the bankruptcy court's decision to deny the fee waiver, and he offers no argument relevant to the bankruptcy court's decision to deny his request. We AFFIRM.

## FACTS[2]

Mr. Aljindi filed a voluntary chapter 7 petition in February 2017. He received his discharge, and the case was closed, in June 2017. Three years later, Mr. Aljindi filed an application to waive the filing fee to reopen his case, using Official Form 103B. He contends that he also filed a motion to reopen the case and a motion to expunge and seal the records of his case, but those motions do not appear on the bankruptcy court's docket.

In October 2021, the bankruptcy court entered an order denying Mr. Aljindi's request to waive the fee to reopen. Mr. Aljindi timely appealed.

---

[2] Mr. Aljindi did not provide excerpts of the record. We exercise our discretion to take judicial notice of documents electronically filed in the bankruptcy case. *See Atwood v. Chase Manhattan Mortg. Co. (In re Atwood)*, 293 B.R. 227, 233 n.9 (9th Cir. BAP 2003).

## JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(A). We have jurisdiction under 28 U.S.C. § 158.

## ISSUE

Did the bankruptcy court abuse its discretion by denying Mr. Aljindi's motion to waive the fee to reopen his case?

## STANDARD OF REVIEW

We review the bankruptcy court's order denying a waiver of filing fees for abuse of discretion. *Bishop v. Mann (In re Bishop)*, BAP Nos. AZ-06-1362-DNK; AZ-06-1445-DNK; AZ-07-1023-DNK, 2007 WL 7532285, at *3 (9th Cir. BAP Nov. 5, 2007). A bankruptcy court abuses its discretion if it applies an incorrect legal standard or its factual findings are illogical, implausible, or without support in the record. *TrafficSchool.com, Inc. v. Edriver Inc.*, 653 F.3d 820, 832 (9th Cir. 2011).

## DISCUSSION

In appropriate circumstances, bankruptcy courts have authority to waive fees in bankruptcy cases. 28 U.S.C. § 1930(f). The court may waive a chapter 7 debtor's filing fee "if the court determines that such individual has income less than 150 percent of the income official poverty line . . . and is unable to pay that fee in installments." *Id.* If the bankruptcy court waives a chapter 7 debtor's filing fee, it may also waive other bankruptcy fees for such debtor, including the fee to reopen the case. 28 U.S.C. § 1930(f)(2).

3

Mr. Aljindi provides no argument in his opening brief why the court erred by denying his application for a fee waiver and has thus waived the issue. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999). Moreover, Mr. Aljindi states in his Opening Brief: "As of the date and time of this informal brief, the Debtor/Appellant is NOT appealing the fee waiver. The Debtor/Appellant is appealing the Denial/Rejection of the **Motion to Reopen** and the **Motion to Expunge**."

There is no evidence that the bankruptcy court ruled on a motion to reopen or a motion to expunge.[3] Neither the motions nor orders disposing of them appear on the bankruptcy court docket. Accordingly, we lack jurisdiction to consider the appeals which Mr. Aljindi seeks to pursue.

## CONCLUSION

Based on the foregoing, we AFFIRM the bankruptcy court's denial of Mr. Aljindi's motion to waive the fee to reopen his case.

---

[3] Pursuant to Rules 9021 and 5003, an order is not effective unless entered on the bankruptcy court's docket.