
**NOT FOR PUBLICATION**

# UNITED STATES BANKRUPTCY APPELLATE PANEL
## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re:<br>EDWIN D. LICUP and CHRISTINE TRACY CASTRO,<br>　　　　　Debtors. | BAP No.  SC-22-1111-GBS<br><br>Bk. No. 14-00809-CL7<br><br>Adv. No. 21-90050-CL |
| EDWIN D. LICUP; CHRISTINE TRACY CASTRO,<br>　　　　　Appellants,<br>v.<br>JEFFERSON AVENUE TEMECULA, LLC,<br>　　　　　Appellee. | **MEMORANDUM**<sup>*</sup> |

Appeal from the United States Bankruptcy Court
for the Southern District of California
Christopher B. Latham, Chief Bankruptcy Judge, Presiding

Before: GAN, BRAND, and SPRAKER, Bankruptcy Judges.

## INTRODUCTION

Chapter 7[1] debtors, Edwin D. Licup and Christine Tracy Castro

("Debtors") appeal the bankruptcy court's grant of summary judgment in

---

<sup>*</sup> This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have, *see* Fed. R. App. P. 32.1, it has no precedential value, *see* 9th Cir. BAP Rule 8024-1.

[1] Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532, all "Rule" references are to the Federal Rules of Bankruptcy Procedure, and all "Civil Rule" references are to the Federal Rules of

favor of appellee Jefferson Avenue Temecula, LLC ("Jefferson") on its adversary complaint to hold a judgment debt nondischargeable pursuant to § 523(a)(3)(A). Debtors acknowledge that they failed to properly schedule the debt because they listed an incorrect address for Jefferson, and they admit that Jefferson did not have notice of the bankruptcy case in time to file a proof of claim. They contend that the court erred by granting judgment in the full amount of Jefferson's claim and argue that, pursuant to § 523(a)(3)(A), the portion of the claim excepted from discharge should be limited to the distribution Jefferson would have received from the liquidation of the estate had it timely filed a proof of claim.

Debtors maintain that by enacting § 523(a)(3)(A), Congress did not intend to unjustly punish debtors who innocently list an incorrect address for a potential creditor, nor to permit a windfall to the omitted claimant. The language of § 523(a)(3)(A) is plain and unambiguous and does not contain any equitable exceptions. *See Mahakian v. William Maxwell Invs., LLC (In re Mahakian)*, 529 B.R. 268, 275 (9th Cir. BAP 2015). The bankruptcy court properly applied the statute to except the debt—not merely a portion of it—from discharge. We AFFIRM.

**FACTS[2]**

---

Civil Procedure.

[2] We exercise our discretion to take judicial notice of documents electronically filed in the bankruptcy case and adversary proceeding. *See Atwood v. Chase Manhattan Mortg. Co. (In re Atwood)*, 293 B.R. 227, 233 n.9 (9th Cir. BAP 2003).

Prior to 2013, Christine Castro leased commercial property from Jefferson. In late 2012, Jefferson filed an unlawful detainer action against Christine Castro and obtained a state court judgment for $31,786.29 (the "State Court Judgment").

In 2014, Debtors filed a joint chapter 7 petition. They scheduled Jefferson as an unsecured creditor with a $3,100 claim and listed Jefferson's former counsel as the address for service. However, in their schedules and their list of creditors, Debtors incorrectly used "Sun Valley, CA" as the city for Jefferson's counsel, instead of "Tarzana, CA." The chapter 7 trustee determined that the estate would have assets to distribute and notified creditors of the deadline to file proofs of claim. Jefferson did not receive notice of the deadline, and it did not file a proof of claim.

In 2021, Jefferson filed an adversary complaint seeking to hold the State Court Judgment nondischargeable under § 523(a)(3)(A). Jefferson asserted that Debtors did not properly list or schedule the debt and it did not have notice of the bankruptcy case in time to file a proof of claim. Debtors filed an answer denying the allegations and asserting that, because unsecured creditors received distributions of approximately 5.5% of their claims, Jefferson's damages should be limited to 5.5% of the State Court Judgment amount.[3]

_____

[3] After Debtors failed to comply with discovery requests and failed to comply with an order compelling their responses, Jefferson filed a motion for terminating sanctions. The bankruptcy court partially granted the motion by imposing lesser sanctions, including striking the portion of Debtors' answer setting forth their "pro-rata

3

In March 2022, Debtors filed a motion for summary judgment requesting judgment in favor of Jefferson in the amount of $1,614.74. Debtors admitted that Jefferson held a prepetition claim which they did not properly schedule. They argued that, despite the lack of notice, Jefferson's debt was discharged, and Jefferson should be entitled to only the amount of the distribution it would have received had it timely filed a proof of claim. Debtors cited *White v. Nielsen (In re Neilsen)*, 383 F.3d 922 (9th Cir. 2004) and *Beezley v. California Land Title Co. (In re Beezley)*, 994 F.2d 1433 (9th Cir. 1993) in support of their argument and posited that because § 523(a)(3)(A) protects a creditor's right to file a proof of claim and participate in distributions, allowing the entire debt to be nondischargeable would result in a windfall for Jefferson.

Jefferson opposed the motion and argued that because Debtors admitted that Jefferson did not have notice of the case, the entire State Court Judgment should be excepted from discharge. Jefferson maintained that *Neilsen* and *Beezley* were inapposite because they involved no-asset chapter 7 cases in which proofs of claim were never filed, and it argued that the plain language of § 523(a)(3)(A) excepts the entire debt from discharge.

---

distribution argument," which the court likened to an affirmative defense. The bankruptcy court noted that Debtor's opposition to the motion was based largely on their erroneous argument that § 523(a)(3)(A) entitles a creditor to a nondischargeable judgment for only the pro-rata distribution it would have received if it filed a claim.

On April 19, 2022, Edwin Licup filed a second motion for summary judgment, asserting that because he was not named as a defendant in the state court action, he was entitled to judgment as a matter of law on the nondischargeability complaint. Less than a week later, Christine Castro filed a third motion for summary judgment and argued that she was entitled to judgment as a matter of law because, although she was individually named in the state court complaint, the judgment was entered against "Christina Castro, LLC."

At a status hearing on April 25, 2022, the bankruptcy court suspended briefing on the second and third summary judgment motions pending resolution of the first motion. The court reasoned that the second and third motions focused on enforceability of the State Court Judgment, which was separate from the core issue of whether the debt was nondischargeable. The court informed the parties that if it determined the debt to be nondischargeable, questions about enforceability against either debtor could be decided in state court, where the judgment was entered.

Turning to the first summary judgment motion, the court noted that Debtors addressed only legal questions about the operation of § 523(a)(3)(A), and because they appeared to concede that Jefferson did not have actual notice or knowledge of the case, the court informed Debtors that the motion could result in entry of summary judgment for Jefferson in the full amount of the State Court Judgment. It set a deadline of May 9, 2022, for Debtors to file a brief explaining why judgment for Jefferson in

5

the full amount of the debt was not warranted given their admission that Jefferson never had actual notice of the bankruptcy case.

Debtors did not file a brief as requested by the court. Instead, they filed a withdrawal of the first motion for summary judgment. On May 12, 2022, the bankruptcy court held a hearing on the first motion and took the matter under submission.

The bankruptcy court issued a written order granting summary judgment in favor of Jefferson for the entirety of the State Court Judgment. The court reasoned that Debtors' attempted withdrawal of the motion did not affect the court's ability to enter summary judgment because the court gave notice under Civil Rule 56(f), incorporated by Rule 7056, that it might enter judgment in favor of Jefferson, and it cited *Albino v. Baca*, 747 F.3d 1162, 1176 (9th Cir. 2014) (en banc) for the proposition that "where the party moving for summary judgment has had a full and fair opportunity to prove its case, but has not succeeded in doing so, a court may enter summary judgment *sua sponte* for the nonmoving party."

The bankruptcy court determined that summary judgment was proper because the material facts relevant to nondischargeability under § 523(a)(3)(A)—whether Debtors improperly scheduled Jefferson and whether Jefferson had actual notice or knowledge of the bankruptcy—were undisputed, and the only legal issue was whether the full amount of the State Court Judgment should be nondischargeable. The court held that § 523(a)(3)(A) excepts the entire amount of a debt and specifically held that

to the extent Jefferson has an enforceable debt against either or both Debtors, the debt was nondischargeable. The bankruptcy court stated that Debtors' defenses to enforceability, including Edwin Licup's omission from the judgment and the inconsistent use of Christine Castro's personal and corporate identities, were beyond the scope of the nondischargeability judgment and could be raised in another forum with proper jurisdiction.

The court entered judgment, and Debtors timely appealed.

## JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(I). We have jurisdiction under 28 U.S.C. § 158.

## ISSUE

Did the bankruptcy court err by granting summary judgment to except from discharge the full amount of Jefferson's claim?

## STANDARD OF REVIEW

We review de novo the bankruptcy court's grant or denial of summary judgment. *Fresno Motors, LLC v. Mercedes Benz USA, LLC,* 771 F.3d 1119, 1125 (9th Cir. 2014). We also review de novo the bankruptcy court's interpretation of the Bankruptcy Code. *Masingale v. Munding (In re Masingale)*, 644 B.R. 530, 536 (9th Cir. BAP 2022).

Under de novo review, "we consider a matter anew, as if no decision had been made previously." *Francis v. Wallace (In re Francis)*, 505 B.R. 914, 917 (9th Cir. BAP 2014).

## DISCUSSION

7

Civil Rule 56(a), made applicable by Rule 7056, provides that summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party bears the initial burden of demonstrating an absence of a genuine issue of material fact. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 n.10 (1986). Debtors' motion is based solely on the legal effect of § 523(a)(3)(A); they conceded the material facts giving rise to nondischargeability and disputed only whether the full amount of the claim should be excepted from discharge. Thus, summary judgment was appropriate, and we consider only whether the court erred by interpreting § 523(a)(3)(A) to except from discharge the full amount of the State Court Judgment.

Debtors argue that the bankruptcy court erred because Congress intended to protect creditors' rights to participate in distributions, not to punish innocent debtors and provide a windfall to unscheduled creditors.

We find no error in the bankruptcy court's application of § 523(a)(3)(A). The statute provides in pertinent part:

> (a) A discharge under section 727 . . . does not discharge an individual debtor from any debt—
> * * *
> (3) neither listed nor scheduled under section 521(a)(1) of this title . . . in time to permit—
> (A) if such debt is not of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim, unless

such creditor had notice or actual knowledge of the case in time for such timely filing . . .

11 U.S.C. § 523(a)(3)(A).

Debtors contend that Congress's use of the term "in time to permit . . . timely filing of a proof of claim" suggests that it intended the provision to protect a creditor's right to participate in distributions. Based on their interpretation of congressional intent, Debtors urge us to construe the statute to make nondischargeable only the amount a creditor would have received had it timely filed a proof of claim.

We have previously found the language in this section to be clear and unambiguous, *In re Mahakian*, 529 B.R. at 275, and Debtors do not persuade us otherwise. "When the statute's language is plain, the sole function of the courts . . . is to enforce it according to its terms." *Lamie v. United States Tr.*, 540 U.S. 526, 534 (2004) (quoting *Hartford Underwriters Ins. v. Union Planters Bank., N.A.*, 530 U.S. 1, 6 (2000)). We "must presume that [Congress] says in a statute what it means and means in a statute what it says there." *Conn. Nat'l Bank v. Germain*, 503 U.S. 249, 253-54 (1992).

Section 523(a)(3)(A) is clear that when a debtor fails to properly schedule or list a debt, and the creditor does not have actual notice or knowledge of the case in time to file a proof of claim, the debt is not discharged. The term "debt" is defined in § 101(12) as "liability on a claim," which in turn is defined in § 101(5) as "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed,

9

contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured." Like every other instance of nondischargeability under § 523(a), the obligation passes through bankruptcy unaffected by the discharge. "[H]ad Congress intended to allow for the discharge of only a pro rata portion of unlisted or unscheduled obligations, Congress could have easily so provided." *Mountain W. Fed. Credit Union v. Stradinger (In re Stradinger)*, Case No. 07-00024, 2007 WL 2319812, at *9 (Bankr. D. Mont. Aug. 9, 2007).

We agree with Debtors that the purpose of § 523(a)(3)(A) is to protect a creditor's right to participate in distributions. But we find no support for their argument that only a portion of the debt is rendered nondischargeable. Congress chose to protect a creditor's right to participate by placing the burden of notice on the party who benefits from the discharge, and by excepting the "debt" from discharge under appropriate circumstances. *See In re Beezley*, 994 F.2d at 1440 (O'Scannlain, J., concurring) ("What Congress deemed a proper balancing of the equities as between debtor and creditor with respect to unlisted debts it has enacted in section 523(a)(3) of the Bankruptcy Code. It is not for the courts to restrike that balance according to their own lights.").

But under Debtors' proposed construction, there is no incentive to ensure proper scheduling of debts or to provide notice to creditors. Debtors would effectively receive a discharge of all but the distributive share of unscheduled creditors' claims, and the distributive share would be

10

nondischargeable only after the creditor discovers the bankruptcy filing and obtains a judgment from the bankruptcy court. And where the potential pool of unscheduled creditors is unknown, determining the "pro-rata" amount of a claim to render nondischargeable is impossible.[4]

Application of the statute may be harsh where Debtors' mistake was innocent, and it may result in a creditor maintaining a right to collect substantially more than it would have received as a distribution. Yet, the statute does not contain equitable exceptions, and "the court has no power to disregard the clear language of § 523(a)(3)(A)." *In re Mahakian*, 529 B.R. at 277.

Debtors also argue that the bankruptcy court erred because Jefferson does not have an enforceable claim against either debtor based on the State Court Judgment. But the bankruptcy court limited its judgment to the question of nondischargeability. *See Hamilton v. Elite of L.A., Inc. (In re Hamilton)*, 584 B.R. 310, 322; 324 (9th Cir. BAP 2018) (reasoning that because "the state court had already adjudicated the debt . . . the only issue remaining for the bankruptcy court was whether that debt was dischargeable," and stating that "[w]here there is a valid state court money judgment, the bankruptcy court should not issue a new money judgment."). The bankruptcy court did not foreclose Debtors' arguments

---

[4] Additionally, we note that a creditor's net recovery on a nondischargeable debt is often less than the full amount of its claim, given the difficulties and expense in collection. Part of the balance struck by Congress involves creditors receiving an assured distributive share from a chapter 7 trustee's administration of estate assets.

about enforceability and specifically held they could raise those arguments in state court.

The bankruptcy court correctly applied the law and did not err by granting summary judgment to hold the full amount of the State Court Judgment—to the extent it is enforceable against either or both Debtors—nondischargeable.

## CONCLUSION

Based on the foregoing, we AFFIRM the bankruptcy court's judgment.