NOT FOR PUBLICATION

**UNITED STATES BANKRUPTCY APPELLATE PANEL**
**OF THE NINTH CIRCUIT**

| | |
|---|---|
| In re:<br>KARIE ANN SIMMONS,<br><br>          Debtor. | BAP No. WW-23-1104-BSL<br><br>Bk. No. 2:23-bk-10399-CMA |
| KARIE ANN SIMMONS,<br><br>          Appellant,<br>v.<br>HSBC BANK NATIONAL<br>ASSOCIATION, AS TRUSTEE FOR<br>MERRILL LYNCH MORTGAGE<br>INVESTORS, INC., MORTGAGE PASS-<br>THROUGH CERTIFICATES, MANA<br>SERIES 2007-A2,<br><br>          Appellee. | **MEMORANDUM**\* |

Appeal from the United States Bankruptcy Court
for the Western District of Washington
Christopher M. Alston, Chief Bankruptcy Judge, Presiding

Before: BRAND, SPRAKER, and LAFFERTY, Bankruptcy Judges.

### INTRODUCTION

HSBC Bank National Association, as Trustee for Merrill Lynch

Mortgage Investors, Inc., Mortgage Pass-Through Certificates, MANA Series

---

\* This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have, see Fed. R. App. P. 32.1, it has no precedential value, see 9th Cir. BAP Rule 8024-1.

1

2007-A2 ("HSBC"), was the assignee of the note and deed of trust related to the loan for a residence ("Property") owned by chapter 7[1] debtor, Karie Ann Simmons. HSBC later purchased the Property at a sheriff's sale after being awarded a judgment of foreclosure. When Ms. Simmons filed the instant bankruptcy case, HSBC sought relief from the automatic stay to complete its eviction of her from the Property.

The bankruptcy court granted stay relief to HSBC on several grounds, including that no stay was in effect when HSBC filed its motion due to the dismissal of a prior bankruptcy in 2022, and that no stay ever protected the Property or the debtor's purported interest in it because the Property was not property of the estate. We AFFIRM.

### A.    Events prior to the current case[2]

In January 2007, Ms. Simmons obtained a loan to purchase the Property in Bothell, Washington. In exchange for the funds, Ms. Simmons executed a promissory note and first deed of trust ("DOT") in favor of the former lender.

Within a year, Ms. Simmons was in default on the loan. She filed a chapter 7 bankruptcy case on August 28, 2008. The former lender moved for, and was granted, relief from the automatic stay to enforce the DOT. Ms.

---

[1] Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532.

[2] We exercise our discretion to take judicial notice of documents electronically filed in the bankruptcy court, where appropriate. *See Atwood v. Chase Manhattan Mortg. Co. (In re Atwood)*, 293 B.R. 227, 233 n.9 (9th Cir. BAP 2003).

Simmons received a chapter 7 discharge on December 4, 2008. It is not clear what happened with the Property for the next several years, but Ms. Simmons was still residing there when assignee HSBC initiated a judicial foreclosure action against her in state court in 2017.

In October 2019, after the state court awarded HSBC a judgment of foreclosure, HSBC purchased the Property at the sheriff's sale. After the eight-month redemption period expired, HSBC received and recorded a sheriff's deed for the Property.

On February 18, 2022, Ms. Simmons filed a chapter 13 case. That case was dismissed on May 27, 2022.

When Ms. Simmons refused to vacate the Property, HSBC filed an unlawful detainer action against her in state court. In February 2023, the state court entered an unlawful detainer judgment and order granting a writ of restitution in favor of HSBC.

**B.     Postpetition events**

Before the sheriff could evict Ms. Simmons from the Property, she filed the instant chapter 13 case on March 1, 2023. This was approximately 10 months after her previous chapter 13 case had been dismissed. Ms. Simmons later converted her case to chapter 7.

HSBC then moved for relief from the automatic stay with respect to the Property, arguing that it was entitled to relief under § 362(d)(1) for "cause." HSBC argued that the Property was not an estate asset and that Ms. Simmons had filed for bankruptcy only to delay and hinder its attempts to

gain possession of its Property. HSBC requested stay relief so that it could complete the lockout and eviction of Ms. Simmons.

Ms. Simmons opposed stay relief, arguing that the DOT was not a valid lien after her 2008 discharge. Alternatively, she argued that even if the DOT was still a valid lien despite the 2008 discharge, HSBC (or any predecessor) failed to enforce it within the six-year statute of limitations, which she contended was triggered by the 2008 discharge. Therefore, argued Ms. Simmons, all actions taken to enforce the DOT against the Property after 2014 were void, including the judicial foreclosure action, sheriff's sale, unlawful detainer action, and the writ of restitution.

The bankruptcy court granted HSBC's motion on four grounds: (1) the automatic stay expired before HSBC filed its motion; (2) no automatic stay ever applied to the Property or Ms. Simmons's purported interest in it; (3) even if there was an automatic stay, "cause" existed to terminate it for lack of adequate protection; and (4) Ms. Simmons filed the instant case in bad faith only to thwart HSBC's efforts to gain possession of the Property. This timely appeal followed.

## JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(G). We have jurisdiction under 28 U.S.C. § 158.

## ISSUE

Did the bankruptcy court abuse its discretion in granting HSBC relief from the automatic stay?

## STANDARD OF REVIEW

We review the bankruptcy court's order granting relief from the automatic stay for an abuse of discretion. *First Yorkshire Holdings, Inc. v. Pacifica L 22, LLC (In re First Yorkshire Holdings, Inc.),* 470 B.R. 864, 868 (9th Cir. BAP 2012). A bankruptcy court abuses its discretion if it applies an incorrect legal standard, misapplies the correct legal standard, or makes factual findings that are illogical, implausible, or not supported by the record. *United States v. Hinkson,* 585 F.3d 1247, 1261-62 (9th Cir. 2009) (en banc).

## DISCUSSION

We begin by noting that the scope of this appeal is limited to the order granting HSBC relief from the automatic stay. While Ms. Simmons would like us to review every order entered by a state or federal court since 2008, those matters are not properly before us.[3]

**A. The automatic stay had already expired.**

The automatic stay in this case expired as a matter of law on April 1, 2023, before HSBC filed its motion on April 26, 2023. § 362(c)(3)(A).[4] Ms.

---

[3] To this end, Ms. Simmons filed a "Praecipe to Clerk" on February 19, 2024, just before oral argument on February 22, 2024. In this document, Ms. Simmons makes many of the same arguments she made in her opening brief which pertain to other matters not properly before this Panel. We decline to consider this late-filed document. Even if we did, it has no effect on the outcome of this appeal.

[4] Section 362(c)(3)(A) provides:

(3) if a single or joint case is filed by or against debtor who is an individual in a case under chapter 7, 11, or 13, and if a single or joint case of the debtor was pending within the preceding 1-year period but was

Simmons's prior chapter 13 case was dismissed on May 27, 2022. She filed the instant chapter 13 case less than one year later on March 1, 2023, and did not request an extension of the automatic stay. Therefore, the automatic stay terminated as to her, her property, and property of the estate on the 30th day after the petition date – i.e., April 1, 2023. *Reswick v. Reswick (In re Reswick)*, 446 B.R. 362, 367, 373 (9th Cir. BAP 2011). Ms. Simmons presents no argument for why the bankruptcy court's ruling in this regard was erroneous. In any case, we perceive no error.

**B.    No automatic stay was ever in effect with respect to the Property or as to Ms. Simmons's purported interest in the Property, and her discharge and statute of limitations arguments are unavailing.**

Additionally, we agree with the bankruptcy court that the automatic stay never applied to the Property or Ms. Simmons's purported interest in it. The bankruptcy court ruled that, because HSBC held title to the Property and was granted a writ of restitution prepetition, Ms. Simmons had no interest in the Property and it was not property of the estate. Consequently, the automatic stay did not apply to the Property or Ms. Simmons's purported interest in it. That HSBC held title to the Property is undisputed. In addition, prior to this bankruptcy case, the state court found in its

---

dismissed, other than a case refiled under a chapter other than chapter 7 after dismissal under section 707(b)—

(A) the stay under subsection (a) with respect to any action taken with  respect to a debt or property securing such debt or with respect to any lease shall terminate with respect to the debtor on the 30th day after the filing of the later case[.]

6

unlawful detainer judgment that Ms. Simmons had no interest in the Property, including any possessory interest, and it issued a writ of restitution authorizing her eviction.

Ms. Simmons raises two arguments for why the bankruptcy court erred in granting stay relief, but neither addresses whether stay relief for the eviction was proper. She first argues that the DOT was no longer a valid lien after her 2008 discharge because it was based on an extinguished note that she was no longer obligated to pay. Second, she argues that even if the DOT was still a valid lien after her 2008 discharge, the six-year statute of limitations under Washington law had run by 2014, before HSBC (or any predecessor) took action to enforce it.

These arguments are really an attack on the judicial foreclosure and completed sheriff's sale, which Ms. Simmons cannot challenge through stay relief. Relief from stay proceedings are summary proceedings that address issues arising only under § 362(d) and whether the movant has established a colorable claim for relief. The bankruptcy court does not decide underlying substantive issues of ownership or contractual rights of parties in resolving motions for relief from stay. *United States v. Gould (In re Gould)*, 401 B.R. 415, 425 n.14 (9th Cir. BAP 2009) (citing *Biggs v. Stovin (In re Luz Int'l, Ltd.)*, 219 B.R. 837, 842 (9th Cir. BAP 1998)), *aff'd,* 603 F.3d 1100 (9th Cir. 2010). HSBC clearly established a colorable claim for relief based on its ownership of the Property and the writ of restitution.[5]

---

[5] Even if we considered Ms. Simmons's arguments, they both fail. A chapter 7

7

Because we are able to affirm the bankruptcy court for either of the reasons stated above, we need not consider the other two grounds on which it granted stay relief.

## CONCLUSION

The bankruptcy court did not abuse its discretion in granting relief from the automatic stay to HSBC so that it could proceed with its eviction of Ms. Simmons. We AFFIRM.

---

discharge "extinguishes **only** 'the personal liability of the debtor.'" *Johnson v. Home State Bank,* 501 U.S. 78, 83 (1991) (quoting § 524(a)(1)) (emphasis in original). The creditor's in rem right to foreclose on its deed of trust "survives or passes through the bankruptcy" unaffected by the discharge. *Id.* at 83-84; *accord Copper Creek (Marysville) Homeowners Ass'n v. Kurtz,* 508 P.3d 179, 188 (Wash. Ct. App. 2022), *aff'd,* 532 P.3d 601 (Wash. 2023) (en banc). Similarly, HSBC's eviction of Ms. Simmons does not constitute an action to collect a debt; rather, it is only trying to recover its property, which it can do despite the 2008 discharge.

Further, the Washington Supreme Court has expressly rejected Ms. Simmons's argument that the 2008 discharge triggered the statute of limitations in a pair of cases issued in July 2023: *Merritt v. USAA Fed. Sav. Bank,* 532 P.3d 1024, 1034-35 (Wash. 2023) (en banc) and *Copper Creek,* 532 P.3d at 606. While the bankruptcy discharge prevents the creditor's ability to recover the debt from the debtor personally, "the creditor retains the right to bring an in rem action to recover each unpaid installment payment as it comes due under the terms of the note and deed of trust." *Merritt,* 532 P.3d at 1034 (citing *Johnson,* 501 U.S. at 84); *see Copper Creek,* 532 P.3d at 606. In interpreting state law, this Panel, as well as the Ninth Circuit, must follow the decisions of the state's highest court. *In re Obedian,* 546 B.R. 409, 421 (Bankr. C.D. Cal. 2016) (citing and discussing authority). Here, since the maturity date of the note was 2037, HSBC had until 2043 to enforce its deed of trust.