**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MICHAEL PETRAMALA, | No. 11-17174 |
| Plaintiff - Appellant, | D.C. No. 2:10-cv-02002-FJM |
| v. | |
| UNITED STATES DEPARTMENT OF JUSTICE; ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Frederick J. Martone, District Judge, Presiding

Submitted September 10, 2012[**]

Before:    WARDLAW, CLIFTON, and N.R. SMITH, Circuit Judges.

Michael Petramala appeals pro se from the district court's judgment

dismissing his 42 U.S.C. § 1983 action concerning his ability to lawfully possess

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

firearms. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal for failure to state a claim, *Miller v. Yokohama Tire Corp*., 358 F.3d 616, 619 (9th Cir. 2004), and we affirm.

The district court properly dismissed Petramala's Second Amendment claim because Petramala's inclusion in the National Instant Criminal Background Check System, after being adjudicated as a "mental defective" under the Gun Control Act of 1968, imposed constitutionally permissible limits on his right to bear arms. *See District of Columbia v. Heller*, 554 U.S. 570, 626 (2008) (recognizing validity of certain limits on the right to bear arms, including "longstanding prohibitions on the possession of firearms by felons and the mentally ill").

The district court properly dismissed Petramala's Fifth Amendment claim because judicially noticeable documents established that Petramala received both due process and legal representation during the Arizona state law criminal proceeding in which he was adjudicated as a "mental defective" for purposes of the Gun Control Act of 1968. *See* 18 U.S.C. § 922(g)(4) (barring, among other things, possession of a firearm by anyone adjudicated as a mental defective); 27 C.F.R. § 478.11(a) (defining the term "adjudicated as a mental defective").

The district court properly dismissed Petramala's claim under the Americans with Disabilities Act because the federal government, its agencies, and its officials

are either expressly excluded or otherwise exempt from the definitions of entities subject to suit under the statute. *See* 42 U.S.C. §§ 12111(2), 12111(5), 12131(1).

Issues not expressly raised on appeal, including the denial of Petramala's motion for relief from judgment, are deemed waived. *See Cook v. Schriro*, 538 F.3d 1000, 1014 n.5 (9th Cir. 2008).

Petramala's contentions concerning the Thirteenth Amendment, the Separation of Powers doctrine, the Rehabilitation Act of 1973, Arizona state law, and the common law doctrine are unpersuasive.

**AFFIRMED.**