**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re:  BOOKER THEODORE WADE, Jr., | No. 15-60080 |
| Debtor. | BAP No. 15-1031 |
| BOOKER THEODORE WADE, Jr., AKA Booker T. Wade, Jr., | MEMORANDUM[*] |
| Appellant, | |
| v. | |
| ARLENE STEVENS, | |
| Appellee. | |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Dunn, Jury, and Taylor, Bankruptcy Judges, Presiding

Submitted December 14, 2016[**]

Before:    WALLACE, LEAVY, and FISHER, Circuit Judges.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Booker Theodore Wade, Jr., appeals pro se from a judgment of the Bankruptcy Appellate Panel ("BAP") affirming the bankruptcy court's order denying in part Wade's motion "for order setting apart exemption." We have jurisdiction under 28 U.S.C. § 158(d). We review de novo BAP decisions, and apply the same standard of review that the BAP applied to the bankruptcy court's ruling. *Boyajian v. New Falls Corp. (In re Boyajian)*, 564 F.3d 1088, 1090 (9th Cir. 2009). We may affirm on any basis supported by the record. *Shanks v. Dressel*, 540 F.3d 1082, 1086 (9th Cir. 2008). We affirm.

The bankruptcy court properly denied Wade's request for an order declaring that his exemptions protected property unrelated to the bankruptcy estate. The bankruptcy court lacked jurisdiction to grant the relief because its ruling would not impact the bankruptcy estate. *See* 28 U.S.C. § 157(b)(1), (c)(1) (bankruptcy court jurisdiction is limited to "cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11" as well as non-core proceedings that are "otherwise related to a case under title 11"); *see also Fietz v. Great W. Savings (In re Fietz)*, 852 F.2d 455, 457 (9th Cir. 1988) (the "related to" test is "whether the outcome of the proceeding could conceivably have any effect on the estate being administered in bankruptcy" (citation and internal quotation marks omitted)).

We do not consider arguments raised for the first time on appeal. *See*

*Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**