NOT FOR PUBLICATION

# UNITED STATES BANKRUPTCY APPELLATE PANEL
## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re:<br>JOSE HUMBERTO AGUILAR GALVAN,<br>Debtor. | BAP No. CC-22-1032-SGT<br><br>Bk. No. 2:21-bk-14872-BR |
| JOSE HUMBERTO AGUILAR GALVAN,<br>Appellant,<br>v.<br>PHH MORTGAGE CORPORATION,<br>Appellee. | **MEMORANDUM**[*] |

Appeal from the United States Bankruptcy Court
for the Central District of California
Barry Russell, Bankruptcy Judge, Presiding

Before: SPRAKER, GAN, and TAYLOR, Bankruptcy Judges.

## INTRODUCTION

Chapter 7[1] debtor Jose Humberto Aguilar Galvan appeals from an

order denying his objection to the claim of PHH Mortgage Corporation

("PHH") and the denial of his motion seeking reconsideration of that order.

---

[*] This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have, *see* Fed. R. App. P. 32.1, it has no precedential value, *see* 9th Cir. BAP Rule 8024-1.

[1] Unless specified otherwise, chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532, "Rule" references are to the Federal Rules of Bankruptcy Procedure, and "Civil Rule" references are to the Federal Rules of Civil Procedure.

Because Galvan's chapter 7 bankruptcy was a no asset case, proofs of claims were never required, and PHH never filed one. Galvan has objected to a proof of claim that does not exist. As the bankruptcy court correctly noted, the objection really was an attempt to challenge the validity of PHH's lien. Per Rule 7001(2), however, actions that challenge the validity of liens must be brought by adversary proceeding. Moreover, Galvan neither alleged nor demonstrated that the real property in question was property of his bankruptcy estate or that he was personally indebted to PHH. To the contrary, Galvan represented that he acquired his interest in the property after he filed his bankruptcy petition. Though Galvan scheduled an interest in the property encumbered by PHH's lien, there is no evidence that PHH held any claim against Galvan or encumbered property of the bankruptcy estate.

Galvan's arguments are difficult to comprehend. To the extent we can glean anything from them, they merely reiterate why he believes PHH's lien is not valid. This misses the point. He has failed to address the factual and legal grounds for the bankruptcy court's rulings. Accordingly, we AFFIRM.

## FACTS[2]

Galvan commenced his bankruptcy case by filing a voluntary chapter

---

[2] We exercise our discretion to take judicial notice of documents electronically filed in the underlying bankruptcy case. *See Atwood v. Chase Manhattan Mortg. Co. (In re Atwood)*, 293 B.R. 227, 233 n.9 (9th Cir. BAP 2003).

7 petition in June 2021. In his schedules, he listed a parcel of real property in Los Angeles, California, with a current value of $617,000 ("Property") and identified PHH as a disputed secured creditor. According to Galvan, PHH asserted a lien against the Property, which purportedly secured its disputed claim for $812,615. He also claimed an exemption in the Property under California law.[3]

Shortly after the commencement of the bankruptcy, the clerk's office advised creditors that there were no assets available to distribute to creditors. Proofs of claim, therefore, were not required to be filed absent subsequent notice that assets were discovered for distribution. No assets were subsequently discovered.

Galvan filed a motion to avoid PHH's lien, using the local form intended for lien avoidance motions under § 522(f). Notwithstanding his scheduled ownership interest in the Property, Galvan's motion identified the owners of record as Joel and Guillermina Aguilar, as husband and wife, pursuant to a grant deed executed and recorded in 2007. The Aguilars are Galvan's parents.[4]

Galvan's motion never explained how, when, or whether Galvan obtained any legal or equitable ownership interest in the Property. Still,

---

[3] Galvan claimed an exemption under Cal. Civ. Proc. Code § 703.140(b)(4), which exempts personal jewelry. Obviously, this exemption does not apply to real property, though this does not affect our analysis and resolution of this appeal.

[4] We refer to the Aguilars by their first names for ease of reference and to avoid confusion. No disrespect is intended.

Galvan offered three distinct arguments why he believed PHH's lien was invalid: (1) the underlying debt had been discharged in Guillermina's 2013 bankruptcy case; (2) the underlying debt had been satisfied by proceeds PHH's predecessor in interest allegedly received from private mortgage insurance; and (3) PHH's lien impaired Galvan's exemption.

PHH opposed the lien avoidance motion. It detailed the origination of Guillermina's secured loan obligations and the chain of transfers leading up to PHH's acquisition of the debt and the security for the debt from its immediate predecessor, Ocwen Loan Servicing, LLC ("Chain of Transfers"). PHH also itemized the eight prior bankruptcies, and related adversary proceedings and appeals, filed by the Aguilars in an attempt to prevent PHH or its predecessors from enforcing their loan rights.

In his reply, Galvan added a new argument challenging PHH's lien. He claimed that some of the assignments of the deed of trust in the Chain of Transfers were invalid or unrecorded. The bankruptcy court denied Galvan's lien avoidance motion, simply stating that PHH's lien was not subject to avoidance under § 522(f). Galvan did not appeal that denial.

In October 2021, the chapter 7 trustee submitted his final report that there were no assets to distribute to Galvan's creditors. Additionally, the court entered an order granting Galvan a discharge.

In December 2021, even though PHH had not filed a proof of claim, Galvan objected to PHH's claim. He raised the same issues he had raised in his lien avoidance motion, except that he did not seek lien avoidance under

§ 522(f).

In opposition to the claim objection, PHH asserted that Galvan lacked standing and failed to commence the requisite adversary proceeding to challenge the validity of PHH's lien. It also submitted the declaration of Louise Plasse, one of PHH's senior loan analysts and a custodian of its records. Among other things, Plasse attested that PHH was in possession of the original promissory note executed by Guillermina and endorsed in blank. The exhibits attached included what Plasse identified as true and correct copies of the note, the deed of trust securing the note, and the assignments of deeds of trust in the Chain of Transfers.

In his reply, Galvan for the first time specifically asserted that he held title to the Property jointly with the Aguilars as result of a grant deed they executed in November 2021 and recorded in December 2021—several months after he had filed his chapter 7 petition.

After holding a hearing, the bankruptcy court entered an order denying the claim objection because PHH had not filed a proof of claim and because any attempt to invalidate PHH's lien had to be sought by adversary proceeding.

Galvan then filed a reconsideration motion. He broadly asserted that the bankruptcy court did not fairly or justly dispose of his claim objection and that when his papers are compared to PHH's papers, it is clear that he should have prevailed. The bankruptcy court denied the reconsideration motion, and Galvan timely appealed.

## JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(B). We have jurisdiction under 28 U.S.C. § 158.

## ISSUES

1. Did the bankruptcy court err when it denied Galvan's claim objection?

2. Did the bankruptcy court abuse its discretion when it denied Galvan's reconsideration motion?

## STANDARDS OF REVIEW

Whether the bankruptcy court should adjudicate the merits of a claim objection when the creditor has not filed a proof of claim is a question of law we review de novo. *Barker v, Eiler (In re Principia Equitas LLC)*, BAP No. OR-18-1128-SKuF, 2019 WL 1447972, at *3 (9th Cir. BAP Mar. 28, 2019) (citing *HSBC Bank USA v. Blendheim (In re Blendheim)*, 803 F.3d 477, 484–85 (9th Cir. 2015)). When we review a matter de novo, we give no deference to the bankruptcy court's decision. *Francis v. Wallace (In re Francis)*, 505 B.R. 914, 917 (9th Cir. BAP 2014).

We review for an abuse of discretion the bankruptcy court's denial of Galvan's reconsideration motion. *Carruth v. Eutsler (In re Eutsler)*, 585 B.R. 231, 235 (9th Cir. BAP 2017). The bankruptcy court abuses its discretion if it applied the incorrect legal rule or its factual findings were illogical, implausible, or without support in the record. *TrafficSchool.com v. Edriver Inc.*, 653 F.3d 820, 832 (9th Cir. 2011).

6

**DISCUSSION**

**A.    The bankruptcy court did not err when it denied Galvan's claim objection without reaching the merits.**

Creditors file proofs of claims in chapter 7 cases to participate in the trustee's distribution of the estate's assets. *See In re Blendheim*, 803 F.3d at 484–85. However, the creditors' participation in the claims process is strictly voluntary—especially for secured creditors. *See id.* at 485. Creditors are enjoined by a discharge order from attempting to collect debts as a personal liability of the debtor. *Id.* But secured creditors postdischarge may still enforce rights against any collateral securing the discharged debt. *Johnson v. Home State Bank*, 501 U.S. 78, 82-83 (1991). As the Ninth Circuit has explained, "[a] creditor with a lien on a debtor's property may generally ignore the bankruptcy proceedings and decline to file a claim without imperiling his lien, secure in the in rem right that the lien guarantees him under non-bankruptcy law: the right of foreclosure." *In re Blendheim*, 803 F.3d at 485 (citing *U.S. Nat'l Bank in Johnstown v. Chase Nat'l Bank of N.Y.C.*, 331 U.S. 28, 33 (1947)).

Because the claims process is voluntary for creditors, interested parties cannot force a creditor to adjudicate its claim in the bankruptcy court by filing a claim objection when no proof of claim has been filed on the creditor's behalf. Under such circumstances, the bankruptcy court typically declines to address the merits of the claim objection, particularly in cases where there are no assets available for distribution to creditors. *See,*

7

*e.g., In re Principia Equitas LLC*, 2019 WL 1447972, at \*3; *Wade v. Forest Villa Homeowners' Ass'n (In re Wade)*, BAP No. NC-14-1562-DJuTa, 2015 WL 7281670, at \*3-4 (9th Cir. BAP Nov. 17, 2015), *aff'd*, 671 F. App'x 689 (9th Cir. 2016); *see also Kipp Flores Architects, L.L.C. v. Mid-Continent Cas. Co.*, 852 F.3d 405, 413 (5th Cir. 2017) (holding that in no asset chapter 7 cases, the claims process should not be construed to require interested parties "to monitor, object to, and litigate proofs of claim that need not even be filed"); *Holland v. McCartney (In re Holland),* Case No. 14-20990, 2015 WL 4600382, at \*2 (Bankr. S.D. Ga. July 30, 2015) (listing cases and stating that "bankruptcy courts generally do not rule on objections to claims in no-asset chapter 7 cases"); *In re Saric*, Case No. 12-60936, 2013 WL 6536752, at \*4 (Bankr. N.D.N.Y. Dec. 12, 2013) (holding in a chapter 7 no asset case that a proof of claim must be filed before an interested party may object to that claim).

Galvan has completely ignored these fundamental bankruptcy principles in asserting that the bankruptcy court should have addressed the merits of his claim objection. Based on the authorities cited above, the bankruptcy court correctly declined to address the merits. No legitimate purpose is served in adjudicating the claim of an alleged secured creditor in a no asset case when the creditor has not filed a proof of claim. Indeed, the promissory note presented by PHH in opposition to the claim objection demonstrates that the debt belongs to Galvan's mother, not him.

The bankruptcy court also correctly observed that to the extent

8

Galvan sought a determination that PHH's lien was invalid, he should have filed an adversary proceeding pursuant to Rule 7001(2). *See Expeditors Int'l of Wash., Inc. v. Citicorp N. Am., Inc. (In re Colortran, Inc*.), 218 B.R. 507, 510–11 (9th Cir. BAP 1997) (citing *Brady v. Andrew (In re Com. W. Fin. Corp.)*, 761 F.2d 1329, 1336 (9th Cir. 1985)). But Galvan did not do so.[5]

## B. The bankruptcy court did not abuse its discretion when it denied Galvan's reconsideration motion.

Galvan's reconsideration motion constituted a timely motion to alter or amend the judgment under Civil Rule 59(e), made applicable in bankruptcy cases by Rule 9023. *Heritage Pac. Fin., LLC v. Montano (In re Montano)*, 501 B.R. 96, 112 (9th Cir. BAP 2013). To obtain relief under Rule 9023, Galvan needed to present newly discovered evidence that might have changed the outcome of the litigation, or demonstrate clear error, manifest injustice, or an intervening change in controlling law. *Id.; see also Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). Galvan did not meet this standard. Rather, his reconsideration motion merely expressed his disagreement with the bankruptcy court's ruling. Mere disagreement is not a valid basis for relief under Civil Rule 59(e). *Martinez v. Navy League of*

---

[5] We note that any adversary proceeding challenging the deed of trust would have raised serious issues regarding the court's subject matter jurisdiction since Galvan evidently acquired his interest in the Property postpetition, and he was not personally indebted to PHH. Under these circumstances, such litigation would not have had any conceivable effect on the estate or on Galvan's rights and duties as a debtor in bankruptcy. *See generally Fietz v. Great W. Sav. (In re Fietz)*, 852 F.2d 455, 458-59 (9th Cir. 1988).

*United States*, Case No. 2:13-cv-5533-ODW(FFMx), 2014 WL 12613261, at *1 (C.D. Cal. Sept. 18, 2014), *aff'd*, 688 F. App'x 465 (9th Cir. 2017); *Petramala v. U.S. Dep't of Just.*, Case No. CV 10-2002-PHX-FJM, 2011 WL 12894671, at *1 (D. Ariz. Sept. 13, 2011), *aff'd*, 481 F. App'x 395, 396 (9th Cir. 2012).

## CONCLUSION

For the reasons set forth above, we AFFIRM the bankruptcy court's orders denying Galvan's claim objection and his reconsideration motion.