
**NOT FOR PUBLICATION**

# UNITED STATES BANKRUPTCY APPELLATE PANEL
## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re:<br>NICAR ARARACAP BOCALAN,<br>　　　　　　Debtor. | BAP No.  EC-25-1212-GPB<br><br>Bk. No. 24-24885 |
| VALERIE SPEIR,<br>　　　　　　Appellant,<br>v.<br>KIMBERLY J. HUSTED, Chapter 7<br>Trustee<br>　　　　　　Appellee. | Adv. No. 25-02055<br><br>**MEMORANDUM*** |

Appeal from the United States Bankruptcy Court
for the Eastern District of California
Christopher D. Jaime, Chief Bankruptcy Judge, Presiding

Before: GAN, PEARSON,[1] and BRAND, Bankruptcy Judges.

## INTRODUCTION

Creditor Valerie Speir appeals the bankruptcy court's grant of

summary judgment in favor of Chapter 7[2] trustee, Kimberly J. Husted

---

* This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have, *see* Fed. R. App. P. 32.1, it has no precedential value, *see* 9th Cir. BAP Rule 8024-1.

[1] Hon. Teresa H. Pearson, United States Bankruptcy Judge for the District of Oregon, sitting by designation.

[2] Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532, all "Rule" references are to the Federal Rules of Bankruptcy Procedure, all "Civil Rule" references are to the Federal Rules of Civil

("Trustee"), on Trustee's adversary proceeding for turnover of real property located in Sacramento, California (the "Property"). Speir lived in the Property with three children she shared with debtor Nicar Bocalan, but Bocalan and Speir were not married, and title was held solely by Bocalan.

Speir asserted that she was a joint owner of the Property, and she maintains that Bocalan fraudulently obtained title in his name only and filed the bankruptcy case to evade his child support obligations. But Speir failed to dispute Trustee's factual assertions or present any evidence to contradict Trustee's evidence that the Property was property of the estate. We AFFIRM.

## FACTS[3]

Bocalan filed a chapter 7 petition in October 2024. He scheduled the Property with a value of approximately $420,000 and listed total secured claims against the Property of approximately $250,000. Bocalan indicated that he had moved out of the Property in August 2023, and he claimed an exemption in the Property of $19,388.24, under the California "wildcard" provision of Cal. Civ. Proc. Code § 703.140(b)(5). The bankruptcy court entered Bocalan's discharge in February 2025.

---

Procedure, and all "Local Rule" or "LBR" references are to the United States Bankruptcy Court Eastern District of California Local Rules of Practice.

[3] We exercise our discretion to take judicial notice of documents electronically filed in the adversary and main bankruptcy case. *See Atwood v. Chase Manhattan Mortg. Co. (In re Atwood)*, 293 B.R. 227, 233 n.9 (9th Cir. BAP 2003).

In April 2025, Trustee filed an adversary complaint for an order that the Property was property of the estate and to compel Speir to turn over the Property under § 542. Trustee also sought civil contempt damages because Speir filed a postpetition state court action to quiet title to the Property and recorded a lis pendens. And, if the court determined that Speir had some undivided legal interest in the Property, Trustee sought authority to sell the Property pursuant to § 363(h).

In her answer, Speir asserted that Bocalan fraudulently filed his chapter 7 petition, the bankruptcy court lacked jurisdiction, and Trustee was making false allegations and illegally attempting to take possession of the Property.

Trustee filed a motion for summary judgment supported by declarations from Trustee and her counsel, several exhibits, and a statement of undisputed facts demonstrating the bases of her claims. Trustee provided a preliminary title report and the grant deed for the Property showing Bocalan as the sole owner. She asserted that Speir admitted several facts in her answer, and because Speir's responses to discovery requests were completely unresponsive, Trustee argued that Speir admitted the essential facts of Trustee's claims.

In opposition, Speir filed five separate documents: (1) a response to Trustee's motion for summary judgment; (2) a response to the notice of hearing; (3) a response to Trustee's declaration; (4) a response to Trustee's counsel's declaration; and (5) a response to Trustee's memorandum of

points and authorities. In each response, Speir claimed that Bocalan illegally and fraudulently filed his chapter 7 petition, Bocalan's discharge was void, and the bankruptcy court lacked jurisdiction over Trustee's adversary complaint. She claimed that Trustee and Trustee's counsel committed perjury and violated state and federal law by pursuing the adversary complaint and prosecuting an illegal bankruptcy case. But Speir did not contradict Trustee's statement of undisputed facts, and she did not file any declarations or documentary evidence to dispute the factual basis of Trustee's claims or to substantiate her claim to ownership of the Property.

The bankruptcy court entered an order granting Trustee's motion for summary judgment. The court noted that Speir failed to file a statement of disputed facts or otherwise contest Trustee's statement of facts as required by the Local Rules. Because Speir's responses were unsworn and unsupported by any admissible evidence, the court reasoned that it was required to treat Trustee's undisputed facts as admitted by Speir. The bankruptcy court concluded that Trustee was entitled to judgment as a matter of law, and it entered judgment on Trustee's claims but reserved the issue of damages on Trustee's claim for civil contempt.

Speir filed a motion for reconsideration and claimed she was unaware of the Local Rule which required her to reproduce Trustee's statement of facts and either admit or dispute each fact. She sought reconsideration based on her "procedural error." Speir stated that she had

4

submitted a statement of undisputed facts in support of her sworn declaration, and that she provided evidence and sworn testimony at the meeting of creditors and in several other legal proceedings. But the record in this case is devoid of any declaration or statement of disputed facts filed by Speir.

The bankruptcy court denied the motion for reconsideration, and Speir appealed.

## JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(E) and (N). We have jurisdiction under 28 U.S.C. § 158.[4]

## ISSUE

Did the bankruptcy court err by granting summary judgment?

## STANDARD OF REVIEW

We review de novo the bankruptcy court's grant of summary judgment. *Patow v. Marshack (In re Patow)*, 632 B.R. 195, 201 (9th Cir. BAP 2021), *aff'd,* No. 21-60051, 2022 WL 2256325 (9th Cir. June 23, 2022). Under de novo review, "we consider a matter anew, as if no decision had been

---

[4] Trustee urges us to dismiss the appeal as interlocutory because the judgment did not resolve all claims for relief. We previously denied Trustee's motion to dismiss the appeal as untimely because Speir's motion for reconsideration tolled the time to appeal under Rule 8002(b)(1). We further ordered that "to the extent necessary, leave to appeal is ORDERED GRANTED under [28] U.S.C. § 158." Thus, we do not address Trustee's argument that we should dismiss the appeal as interlocutory.

made previously." *Francis v. Wallace (In re Francis)*, 505 B.R. 914, 917 (9th Cir. BAP 2014).

## DISCUSSION

Speir makes numerous allegations of fraud and violations of law against Bocalan, Trustee, and Trustee's counsel, and she maintains that Bocalan's discharge was void and Trustee was obligated to dismiss the case. Speir's only discernable argument related to the bankruptcy court's grant of summary judgment is that the court erred by requiring her to identify disputed facts.

According to Speir, the court erroneously relied on LBR 7056-1(b) which requires parties opposing summary judgment to "reproduce the itemized facts in the Statement of Undisputed Facts and admit those facts which are undisputed and deny those which are disputed," or "file a concise 'Statement of Disputed Facts' . . . of all additional material facts as to which there is a genuine issue precluding summary judgment . . . ." Speir argues that she was not obligated to comply with the Local Rules because she is a "child support creditor," and pursuant to § 304(g) of the Bankruptcy Reform Act of 1994, she was permitted to appear and intervene in the bankruptcy case without charge and without meeting any special local rule requirements.

## A. Summary judgment standard

Civil Rule 56(a), made applicable by Rule 7056, provides that summary judgment is appropriate when "there is no genuine dispute as to

any material fact and the movant is entitled to judgment as a matter of law." The moving party bears the initial burden of demonstrating an absence of a genuine issue of material fact. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585 n.10 (1986). A fact is material only if it is one that "under the governing substantive law . . . could affect the outcome of the case." *Caneva v. Sun Cmtys. Operating Ltd. P'ship (In re Caneva)*, 550 F.3d 755, 760 (9th Cir. 2008) (quotation omitted). A factual dispute is genuine if "a jury could reasonably find in the nonmovant's favor from the evidence presented." *Emeldi v. Univ. of Or.*, 698 F.3d 715, 730 (9th Cir. 2012). Once the movant has come forward with uncontroverted facts showing that it is entitled to relief, the burden shifts to the nonmovant to establish that there is a specific and genuine issue of material fact for trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 n.3 (1986).

In reviewing summary judgment, we must view the evidence in the light most favorable to the nonmoving party and draw all justifiable inferences in its favor. *Fresno Motors, LLC v. Mercedes Benz USA, LLC*, 771 F.3d 1119, 1125 (9th Cir. 2014) (citing *Cnty. of Tuolumne v. Sonora Cmty. Hosp.*, 236 F.3d 1148, 1154 (9th Cir. 2001) and *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)). But we do so only where a fact specifically averred by the moving party is contradicted by specific evidence submitted in opposition to the motion. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990).

**B.     The bankruptcy court did not err by granting summary judgment.**

Speir argues the bankruptcy court erred by relying on LBR 7056-1(b) which instructs parties opposing summary judgment to "reproduce the itemized facts in the Statement of Undisputed Facts" and identify which facts are disputed or file a "Statement of Disputed Facts." But the bankruptcy court did not base its decision on Speir's failure to comply with procedural rules; it granted summary judgment for the substantive reason that Speir did not challenge Trustee's factual assertions and, therefore, admitted them. The court cited *Beard v. Banks*, 548 U.S. 521, 527 (2006) for the proposition that a party opposing summary judgment who "fail[s] specifically to challenge the facts identified in the [moving party's] statement of undisputed facts . . . is deemed to have admitted the validity of [those] facts[.]"

Speir did not contest Trustee's asserted facts or present any evidence in support of her claim to ownership of the Property. The bankruptcy court did not err by granting summary judgment based on Speir's failure to present a genuine dispute as to any material fact.[5]

---

[5] Although the bankruptcy court's ruling was not based on Speir's failure to follow the Local Rules, we reject her argument that she is relieved from the obligation to comply with Local Rules because she is a "child support creditor." Section § 304(g) of the Bankruptcy Reform Act of 1994 states:

> Child support creditors or their representatives shall be permitted to appear and intervene without charge, and without meeting any special local court rule requirement for attorney appearances, in any bankruptcy

## CONCLUSION

Based on the foregoing, we AFFIRM.

---

case or proceeding in any bankruptcy court or district court of the United States if such creditors or representatives file a form in such court that contains information detailing the child support debt, its status, and other characteristics.

PL 103-394, October 22, 1994, 108 Stat 4106.

The Judicial Conference of the United States implemented this requirement by amending the Bankruptcy Court Fee Schedule to provide that no fee is required for an adversary proceeding in which "a child support creditor or representative files the complaint and submits the form required by § 304(g) of the Bankruptcy Reform Act of 1994." *See* 28 U.S.C. § 1930 (Bankruptcy Court Miscellaneous Fee Schedule, ¶6). And the Local Rules specifically provide that attorneys of child support creditors are "exempt from admission to the bar of this Court" and can appear in bankruptcy court and access the court's electronic filing system. LBR 5005.5-1(a). But nothing in § 304(g) of the Bankruptcy Reform Act of 1994 excuses litigants from their obligations to comply with the Federal Rules of Bankruptcy Procedure or applicable local rules.